*671 OPINION OF THE COURT
Per Curiam.
Final judgment entered December 13, 1995 affirmed, with $25 costs.
On a nonjury trial, the decision of the fact-finding court should not be disturbed on appeal unless the court’s conclusions could not have been reached under any fair interpretation of the evidence (Thoreson v Penthouse Intl., 80 NY2d 490, 495). Applying that standard of review here, we find no cause to disturb the trial court’s determination that the tenant permitted a nuisance on the premises in failing to take any meaningful steps to curtail the recurrent and well-documented antisocial behavior of her unemancipated teenage children. The disturbing course of conduct included repeated incidents of vandalism of the building’s front entrance door and elevator, urinating and marihuana use in the public hallways, and verbal abuse of other residents and actual assaults on building staff. This demonstrated pattern of objectionable behavior substantially threatens the comfort and safety of others in the building, and "demand[s] the protection of the law in the form of the eviction of [the tenant], whose conduct permitted and condoned the nuisance, and whose tenancy itself, in all likelihood, will encourage the nuisance to continue unabated.” (Frank v Park Summit Realty Corp., 175 AD2d 33, 36, mod on other grounds 79 NY2d 789.) We note also that the trial court’s finding of nuisance is supported by the strong inference to be drawn in favor of the landlord’s evidence as a result of the tenant’s failure to call as a witness either of her teenage children to contradict the landlord’s case (see, Noce v Kaufman, 2 NY2d 347).
McCooe, J. P., Freedman and Davis, JJ., concur.