■ EAST 82 LLC, Respondent, v DAVID O'GORMLEY, Appellant. EAST 82 LLC, Respondent, v FRANCESCA FRIEDMAN, Appellant, et al., Defendants. [743 NYS2d 473] —Orders and judgments (one paper each), Supreme Court, New York County (Martin Schoenfeld, J.), entered June 14, 2001, in actions for, inter alia, ejectment arising out of defendants' illegal occupancy of cellar apartments in plaintiff's building, upon the parties' respective motions for summary judgment with respect to, inter alia, the ejectment causes of actions, which, insofar as appealed from, awarded plaintiff possession of the apartments

and directed issuance of warrants of eviction, unanimously affirmed, without costs.

Defendants stopped paying rent when they learned that the building's certificate of occupancy did not permit residential use of the cellar floor, and that their occupancy of the cellar apartments rented to them by plaintiff's predecessor was therefore illegal. Plaintiff commenced nonpayment summary proceedings, but discontinued the actions when defendants interposed Multiple Dwelling Law § 302 (1) (b) as a bar to the collection of rent. Plaintiff then hired an architect to evaluate whether the apartments could be legally qualified for residential use, and, after being advised that such was not possible, offered defendants rent-stabilized apartments of comparable size in the building, which they refused, and then offered them apartments in other buildings in the neighborhood, which they also refused. Plaintiff then commenced the instant actions for ejectment. Under the circumstances, which include, as the IAS court stated, a "foiled" nonpayment summary proceeding, "a surfeit of notice" and apparently incontrovertible evidence that the space cannot be legalized, we reject defendants' argument that because plaintiff did not serve them with a notice of termination as required by Rent Stabilization Code (9 NYCRR) §§ 2524.2 and 2524.3 (c), the causes of action for ejectment must be dismissed. To dismiss this action for lack of such a seven-day notice would be "to arrive at an unreasonable or absurd result" (*Williams v Williams*, 23 NY2d 592, 599). Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.