[802 NE2d 135, 769 NYS2d 785]

DOMEN HOLDING CO., Appellant, v IRENE S. ARANOVICH, Respondent, et al., Defendants.

Argued October 23, 2003; decided November 24, 2003

## POINTS OF COUNSEL

*Greer & Associates, P.C.,* New York City (*Ida Rae Greer, Melinda P. Lisanti* and *Stephanie H. Goodman* of counsel), for appellant. I. The dismissal of appellant's complaint seeking an order of ejectment based upon a nuisance was reversible error. (*Frank v Park Summit Realty Corp.,* 175 AD2d 33, 79 NY2d 789; *Novak v Fischbein, Olivieri, Rozenholc & Badillo,* 151 AD2d 296; *Valley Cts. v Newton,* 47 Misc 2d 1028; *Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 42 NY2d 1102; *Hughes v Lenox Hill Hosp.,* 226 AD2d 4, 90 NY2d 829; *Avon Bard Co. v Aquarian Found.,* 260 AD2d 207, 93 NY2d 998; *190 Riverside Dr. v Nosei,* 185 Misc 2d 696; *D.K. Prop. v Mekong Rest. Corp.,* 187 Misc 2d 610; *Carriage Ct. Inn v Rains,* 138 Misc 2d 444; *Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786.) II. The lower court erred by denying appellant's motion for summary judgment as no triable issues of fact exist with respect to appellant's proof of its nuisance claim. (*601 W. 160 Realty Corp. v Henry,* 183 Misc 2d 666, 189 Misc 2d 352; *Walentas v Johnes,* 257 AD2d 352, 93 NY2d 958; *Sun Yau Ko v Lincoln Sav. Bank,* 99 AD2d 943, 62 NY2d 938; *Andre v Pomeroy,* 35 NY2d 361; *Metropolitan Life Ins. Co. v Carroll,* 43 Misc 2d 639; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Pastoriza v State of New York,* 108 AD2d 605; *Poluliah v Fidelity High Income Fund,* 102 AD2d 720; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065.) III. The majority's decision articulated public policy considerations which seemingly require urban dwellers to tolerate uncivilized behavior and discriminatory conduct otherwise proscribed by state and federal law. (*People v Diaz,* 188 Misc 2d 341.) IV. The same articulated public policy considerations foreclose an owner from meaningfully fulfilling a duty to protect its tenants, its staff and its property from foreseeable harm. (*Mason v U.E.S.S. Leasing Corp.,* 96 NY2d 875; *Jacqueline S. v City of New York,* 81 NY2d 288; *Burgos v Aqueduct Realty Corp.,* 92 NY2d 544; *Harris v Forklift Sys.,* 510 US 17; *Danna v New York Tel. Co.,* 752 F Supp 594; *Carrero v New York City Hous. Auth.,* 890 F2d 569; *Department of Hous. & Urban Dev. v Rucker,* 535 US 125.)

*MFY Legal Services, Inc.,* New York City (*Adele Bartlett, Lynn M. Kelly, Andrew Goldberg* and *Jeanette Zelhof* of counsel), for respondent. I. The decision of the Appellate Division that the al-

legations in the notice of termination were insufficient to constitute nuisance warranting eviction of respondent was correct. (*Braschi v Stahl Assoc. Co.,* 74 NY2d 201; *Berkeley Assoc. Co. v Camlakides,* 173 AD2d 193; *Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786; *Kaycee W. 113th St. Corp. v Diakoff,* 160 AD2d 573; *Luxottica Group S.p.A. v Bausch & Lomb,* 160 F Supp 2d 545; *40 W. 67th St. v Pullman,* 100 NY2d 147; *People v Garland,* 69 NY2d 144; *42 W. 15th St. Corp. v Friedman,* 208 Misc 123; *Truncali v Kusstatscher,* 61 Misc 2d 500; *Metropolitan Life Ins. Co. v Moldoff,* 187 Misc 458, 272 App Div 1039.) II. Appellant has made improper representations to this Court. (*Equal Empl. Opportunity Commn. v Sam & Sons Produce Co.,* 872 F Supp 29; *Meritor Sav. Bank v Vinson,* 477 US 57; *Harris v Forklift Sys.,* 510 US 17.)

*Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C.,* New York City (*Jeffrey R. Metz* of counsel), for Rent Stabilization Association of N.Y.C., Inc., amicus curiae. I. In order to protect its innocent tenants, its staff, and itself, a landlord should be permitted to abate the nuisance of a physically threatening and verbally abusive occupant. (*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564; *Frank v Park Summit Realty Corp.,* 175 AD2d 33, 79 NY2d 789; *Basso v Miller,* 40 NY2d 233; *Smith v Arbaugh's Rest.,* 469 F2d 97, 412 US 939; *Burgos v Aqueduct Realty Corp.,* 92 NY2d 544; *Miller v State of New York,* 62 NY2d 506; *Firpi v New York City Hous. Auth.,* 175 AD2d 858; *Acorn Realty v Torres,* 169 Misc 2d 670; *Harris v Forklift Sys.,* 510 US 17; *Equal Empl. Opportunity Commn. v Sam & Sons Produce Co.,* 872 F Supp 29.)

*Brooklyn Legal Services Corp. B.,* Brooklyn (*John C. Gray* and *Jennifer Levy* of counsel), for Legal Aid Society and another, amici curiae. I. A notice purporting to terminate a rent-stabilized tenancy must state facts sufficient to establish grounds for eviction. (*Berkeley Assoc. Co. v Camlakides,* 173 AD2d 193, 78 NY2d 1098; *First Sterling Corp. v Zurkowski,* 142 Misc 2d 978; *Stribula v Wien,* 107 Misc 2d 114; *Caiado v Bischoff,* 140 Misc 2d 1014; *New York Univ. v Farkas,* 121 Misc 2d 643; *City of New York v Valera,* 216 AD2d 237; *Giannini v Stuart,* 6 AD2d 418; *Jewish Theol. Seminary of Am. v Fitzer,* 258 AD2d 337; *Hughes v Lenox Hill Hosp.,* 226 AD2d 4, 90 NY2d 829; *Kaycee W. 113th St. Corp. v Diakoff,* 160 AD2d 573.) II. The notice served herein failed to state facts sufficient to establish a cause of action for nuisance. (*Town of Hempstead v Zara & Sons Contr. Co.,* 173 AD2d 536; *301 E. 69th St. Assoc. v Eskin,*

156 Misc 2d 122; *Metropolitan Life Ins. Co. v Moldoff,* 187 Misc 458, 272 App Div 1039; *Vukovic v Wilson,* 245 AD2d 1; *Pamac Realty Corp. v Bush,* 101 Misc 2d 101; *Frank v Park Summit Realty Corp.,* 175 AD2d 33, 79 NY2d 789; *Acorn Realty v Torres,* 169 Misc 2d 670.) III. Plaintiff-appellant must be held to the facts stated in the notice of termination. (*Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786; *Carriage Ct. Inn v Rains,* 138 Misc 2d 444; *Federal v Ortiz,* 139 Misc 2d 274; *Matter of 89 Christopher v Joy,* 35 NY2d 213; *144 Woodruff Corp. v Lacrete,* 154 Misc 2d 301.)

### OPINION OF THE COURT

CIPARICK, J.

Plaintiff, Domen Holding Co., is the owner and landlord of a residential building in Manhattan. Pursuant to a written apartment lease dated August 26, 1991 and subsequent renewal, defendants Irene S. Aranovich and her brother Jorge Aranovich are named tenants of a rent-stabilized apartment in that building. Mr. Aranovich no longer lives in the apartment. However, at some point during the tenancy, defendant Geoffrey Warren Sanders moved in with Ms. Aranovich. Since at least 1995, the landlord has received a number of complaints stemming from incidents involving Sanders. On more than one occasion, plaintiff provided Ms. Aranovich with written notice of the complaints and reminded her of her responsibility for the behavior of her guests.

In October 2000, plaintiff served a notice of termination upon the Aranovich tenants alleging that they were condoning and had failed to curtail Sanders' "persistent pattern of antisocial and outrageous behavior," which endangered the building's tenants and staff. The notice alleged that Sanders' behavior included, but was not limited to, the following:

"(a) . . . (1) On or about the evening of August 30, 2000, Sanders was involved in an altercation with Wayne Ellis, one of the Owner's doormen at the building, which altercation entailed Sanders' use of profanity and racial epithets toward Mr. Ellis, and threatening physical injury to him. The police were called to the building and a complaint report number (10831) assigned.

"(2) On or about June 7, 1997, Sanders was involved in an altercation with Thomas DeRosa, who is the

visually impaired tenant of the apartment directly above the Subject Premises. Said incident involved Sanders going to Mr. DeRosa's apartment to complain to Mr. DeRosa of alleged noise emanating from Mr. DeRosa's apartment, resulting in Sanders' subsequent verbal abuse and threats to physically assault Mr. DeRosa. The police were called to the building and Mr. DeRosa filed a criminal harassment complaint against Sanders with the New York Police Department . . . .

"(3) On or about November 8, 1995, an incident occurred between Sanders and the building superintendent wherein the police were called to the building and a complaint was issued against Sanders.

"(b) Sanders' conduct in persistently instigating arguments and altercations with others at the building, and his frequent and persistent use of profanity and racial slurs to and verbal intimidation of others at the building, is interfering with the other tenants' and/or occupants' comfort and rights to quiet enjoyment of their apartments.

"(c) Sanders' aggressively antagonistic conduct continues to occur and is likely to occur again in the future."

Ms. Aranovich and Sanders remained in possession of the apartment beyond October 16, 2000, the termination date set forth in the notice, and plaintiff commenced this action seeking an order of ejectment. Ms. Aranovich answered, interposing a counterclaim for breach of warranty of habitability.[1] Plaintiff then moved for summary judgment. In support of its motion, plaintiff submitted the affidavits of Wayne Ellis, Thomas DeRosa and Vincent Giffuni, a partner in plaintiff partnership.

Ellis' affidavit recounted the August 2000 incident, which allegedly began after Sanders slammed his fist against a building door. The affidavit continued that in response to Ellis' question—"why he had hit the door"—Sanders used a racial slur and made similarly offensive comments, telling Ellis he "should speak to white people more respectfully." Sanders also asked Ellis to "step outside." Ellis further alleged that, since the service of the notice of termination, Sanders has confronted him, stat-

---

1. Jorge Aranovich and Geoffrey Sanders appeared pro se and interposed general denials.

ing that he had a problem with Ellis and that he had a "nice crew for [him]." According to Ellis, "[a]s a doorman at the building, it is impossible for me to avoid Sanders as he enters and exits the building. I continue to fear that Sanders will one day carry out his threats."

DeRosa witnessed the August 2000 incident and his affidavit corroborated Ellis' affidavit in that regard. In addition, DeRosa described the June 1997 encounter, wherein Sanders allegedly complained that DeRosa's dog made too much noise and Sanders had threatened to physically harm DeRosa. The police report relating to this incident stated that Sanders specifically threatened DeRosa, saying "I would stomp in your head the way you stomp on the floor."

The affidavit of Vincent Giffuni alleged that the November 1995 incident between Sanders and the then-building superintendent involved Sanders shoving and shouting profanities at the superintendent. In addition, plaintiff submitted a copy of a letter written to Ms. Aranovich addressing that altercation and noting that it was not the first involving Sanders. Additional correspondence between the landlord and Ms. Aranovich and police complaints referencing the above incidents were also submitted.

Ms. Aranovich cross-moved for summary judgment dismissing the complaint, contending that plaintiff failed to state a cause of action for nuisance. Specifically, she argued that the three incidents alleged in the notice of termination did not endanger other tenants or staff and were too remote in time to constitute a nuisance.

Supreme Court denied plaintiff's motion for summary judgment and granted the cross motion for summary judgment dismissing the complaint.[2] The court held that the "three isolated instances" of Sanders' conduct were insufficient as a matter of law to state a claim for nuisance and that, although the notice and affidavits referred to other instances of antisocial conduct, no record evidence existed to support those allegations. The Appellate Division, with two Justices dissenting, affirmed. Explicitly limiting its review to the allegations set forth in the notice of termination, the Court held that, as a matter of law,

---

2. Ms. Aranovich's sole counterclaim for breach of warranty of habitability was severed and transferred to Civil Court. Plaintiff's request for use and occupancy was denied without prejudice to plaintiff's bringing an action in Civil Court.

the three instances, to the extent they were documented in the notice, were insufficient to establish an actionable claim for nuisance warranting eviction. The two dissenting Justices opined that an issue of fact was presented whether Sanders' conduct constituted a nuisance. Plaintiff appeals as of right pursuant to CPLR 5601 (a). We agree with the dissenting Justices and hold that the Appellate Division order should be modified to deny Ms. Aranovich's cross motion for summary judgment, reinstate the complaint and remit to Supreme Court for a trial on the issues.

## Analysis

The Rent Stabilization Code provides that no tenant shall be evicted "unless and until the owner [gives] written notice to such tenant . . . [which states] [1] the ground under section 2524.3 . . . upon which the owner relies for removal or eviction of the tenant, [2] the facts necessary to establish the existence of such ground, and [3] the date when the tenant is required to surrender possession" (9 NYCRR 2524.2 [a], [b]).[3] Section 2524.3 includes as a ground for eviction circumstances where "[t]he tenant is committing or permitting a nuisance in such housing accommodation or the building containing such housing accommodation" (9 NYCRR 2524.3 [b]). Therefore, rent-stabilized tenants may be subject to eviction for the nuisance created by other occupants or guests on tenant's premises.

To constitute a nuisance the use of property must interfere with a person's interest in the use and enjoyment of land (see Restatement [Second] of Torts § 821D; see also Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568 [1977]). The term "use and enjoyment" encompasses the pleasure and

---

3. The relevant subdivisions of 9 NYCRR 2524.2 provide in full:
   "(a) Except where the ground for removal or eviction of a tenant is nonpayment of rent, no tenant shall be removed or evicted from a housing accommodation by court process, and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in section 2524.3 or 2524.4 of [this] Part, unless and until the owner shall have given written notice to such tenant as hereinafter provided.
   "(b) Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section 2524.3 or 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession."

comfort derived from the occupancy of land and the freedom from annoyance (see Restatement [Second] of Torts § 821D, Comment b; see also Nussbaum v Lacopo, 27 NY2d 311, 315 [1970]). However, not every annoyance will constitute a nuisance (see 2 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 30:60, at 465 [4th ed]). Nuisance imports a continuous invasion of rights—"a pattern of continuity or recurrence of objectionable conduct" (Frank v Park Summit Realty Corp., 175 AD2d 33, 34 [1st Dept 1991], mod on other grounds 79 NY2d 789 [1991]).

Here, Ms. Aranovich argues that, in reviewing the sufficiency of plaintiff's nuisance claim, we are strictly limited to the factual allegations as set forth in the notice of termination. Relying on Chinatown Apts. v Chu Cho Lam (51 NY2d 786 [1980]), she contends that the "deficiency" in the notice cannot be retroactively cured through the pleadings and affidavits submitted in support of plaintiff's motion for summary judgment. The notice of termination at issue here, however, is adequate and the subsequent submissions were not an attempt to cure a defect in the notice. Rather, they are an elaboration of incidents alleged and provide evidence of ongoing nuisance in support of plaintiff's motion for summary judgment.

While surely a high threshold of proof would be required for eviction, we cannot conclude as a matter of law, as the courts below did, that dismissal of the complaint was warranted. The notice clearly provides that nuisance is the ground upon which plaintiff relies for tenants' eviction and sets forth the facts necessary to establish that ground (see 9 NYCRR 2524.2 [a], [b]; 2524.3 [b]). The notice provides fact-specific examples of Sanders' outrageous conduct and details his use of profanity, racial epithets and threats of violence against Ellis, his threats to physically harm DeRosa and his actual use of violence against the superintendent. It includes names, dates, a description of the misconduct and police complaint numbers. The notice further alleges that Sanders' behavior was not limited to the three listed instances and generally provides that Sanders persistently instigates arguments and altercations with others in the building.

These allegations of Sanders' conduct are of the type that may render the enjoyment of the building especially uncomfortable—indeed, they may even be threatening and frightening—for other tenants and building staff. While the incidents detailed in the notice occurred over a five-year period, their severity and

the circumstances under which they allegedly took place tend to support plaintiff's contention that Sanders displays intolerance and aggression toward those living and working within the building. The allegations further may suggest that Sanders is easily incensed and prone to violent outbursts from time to time and, therefore, that his continued residency in the building places the comfort and health of others in the building at a constant risk. These are matters yet to be established.

The notice of termination, however, adequately apprised defendants as to the grounds upon which it was based, allowing them to prepare a legal defense. It further advised as to the date the tenancy would be terminated and tenants would be required to surrender possession of the apartment. We conclude that the notice of termination here constitutes a proper predicate for the ejectment proceeding based on the tenants' wrongful acts pursuant to the Rent Stabilization Code (see 9 NYCRR 2524.2 [a], [b]; 2524.3 [b]).

Plaintiff, however, seeks summary judgment in its favor, contending that the record demonstrates that there exists no triable issue of fact as to its nuisance claim, that defendants have failed to controvert the allegations of misconduct and that defendants have further failed to assert meritorious defenses. We agree with the dissenting Justices that there is an issue of fact as to whether "Sanders' presence in the building has resulted in a recurring or continuing pattern of objectionable conduct threatening the comfort and safety of others in the building sufficient to constitute a nuisance" (302 AD2d 132, 139 [2003]). It may well be that a "recurring or continuing pattern" lies here, but such determination should be made upon a trial of the facts and is not proper for summary disposition.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be modified, without costs, to deny the cross motion for summary judgment dismissing the complaint and, as so modified, affirmed.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO and READ concur.

Order, insofar as appealed from, modified, etc.