*55 OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
Landlord commenced this summary holdover proceeding predicated upon nuisance. Rent Stabilization Code (9 NYCRR) § 2524.3 (b) provides for a tenant’s eviction where:
“The tenant is committing or permitting a nuisance in such housing accommodation or the building containing such housing accommodation; or is maliciously, or by reason of gross negligence, substantially damaging the housing accommodation; or the tenant engages in a persistent and continuing course of conduct . . . , the primary purpose of which is intended to harass the owner or other tenants or occupants of the same or an adjacent building or structure by interfering substantially with their comfort [and] safety.”
A “nuisance,” for purposes of the Rent Stabilization Code, is a “condition that threatens the comfort and safety of others in the building” and “key to the definition is a pattern of continuity or recurrence of objectionable conduct” (Frank v Park Summit Realty Corp., 175 AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]). A nuisance must “interfere with a person’s interest in the use and enjoyment of land,” including “the pleasure and comfort derived from the occupancy of land and the freedom from annoyance”; however, not every annoyance will rise to the level of a nuisance (Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [2003]).
The present case involves five occurrences of flooding in some 18 months, which has been held to be sufficient to support a finding of nuisance (see Harran Holding Corp. v Johnson, NYLJ, Dec. 1, 1983, at 6, col 3 [App Term, 1st Dept] [four occurrences]; Mengoni v Carlenberg, NYLJ, Oct. 2, 1991, at 26, col 2 [Civ Ct, NY County] [toilet repeatedly stuffed with paper]). Landlord’s testimony regarding tenants’ refusal to allow its representatives into the apartment to determine the source of the water sufficiently shows that “[t]he tenant is committing or permitting a nuisance” as required by Rent Stabilization Code (9 NYCRR) § 2524.3 (b). In addition, although the court below did not rely upon the tenants’ son’s repeated annoying behavior in the common areas to support its finding that a nuisance existed, we find that this behavior should also be considered upon the question of whether a nuisance exists, and that the totality of the *56 circumstances, including this behavior, provides ample support for the conclusions of the court below.
We note that landlord’s rather extensive submissions, dehors the record, concerning tenants’ alleged conduct subsequent to the trial have not been considered in reaching this result.
Rios, J., dissents and votes to reverse the final judgment and dismiss the petition in the following memorandum:
The final judgment should be reversed.
In this holdover summary proceeding predicated upon alleged nuisance, landlord failed to establish that the floods from tenants’ apartment constituted a nuisance within the meaning of Rent Stabilization Code (9 NYCRR) § 2524.3 (b). Landlord provided no support for its conclusory assertion that the flooding of the bathroom in the apartment downstairs from tenants’ — the main basis cited for the present holdover proceeding — resulted from either the tenants’ negligence or their malfeasance rather than from an undersized toilet or otherwise defective plumbing as tenants contended.
Moreover, the testimony of landlord’s representatives established only that they may have knocked on tenant’s door and that they may have heard footsteps within the apartment. No evidence was presented that landlord attempted to conduct any inspection of tenant’s apartment to determine the cause of the leaks (see Rent Stabilization Code [9 NYCRR] § 2524.3 [e]); rather, landlord focused most of its efforts on trying to obtain testimony from the tenants occupying the vertical line of apartments below tenants. It was uncontested that a plumber was allowed access to the apartment after the first alleged incident of flooding in 1995, and the remedy provided to tenants at that time was a toilet plunger. The building superintendent testified that he was permitted to enter the apartment to repair grouting and tiles in tenants’ bathtub enclosure, cited as a possible source of some of the leakage. Landlord provided no further evidence of investigation of the plumbing beyond noting that the bathroom ceilings of tenants in the vertical line of apartments beneath the subject premises were damaged, to all appearances, by water. In particular, there is no evidence in the record that landlord attempted to have a licensed plumber examine the toilet and plumbing in tenants’ apartment; rather, landlord seems to have expected tenant Robert Guddahl, who is apparently a contractor, to repair or replace the toilet himself.
As the majority notes, a “nuisance,” for purposes of the Rent Stabilization Code, is a “condition that threatens the comfort *57 and safety of others in the building” and “key to the definition is a pattern of continuity or recurrence of objectionable conduct” (Frank v Park Summit Realty Corp., 175 AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]). However, not every annoyance will rise to the level of a nuisance (Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [2003]).
The present case involves five occurrences in some 18 months, which might, in proper circumstances, rise to the level of recurring objectionable conduct sufficient to support a finding of nuisance (see Harran Holding Corp. v Johnson, NYLJ, Dec. 1, 1983, at 6, col 3 [App Term, 1st Dept] [four occurrences; severe property damage]). In contrast to the majority, I do not find that such circumstances exist herein. More than simple numerosity is required to support a finding of nuisance, especially where, as here, potential building maintenance issues outside tenants’ control are involved. The cases cited by the majority finding water leaks to constitute a nuisance make reference to “constant” and “repeated” overflows, directly attributable to tenants’ acts or omissions, not simply emanating, at least in theory, from their apartments (see id. [tenant admitted letting the water run for long periods of time]; Mengoni v Carlenberg, NYLJ, Oct. 2, 1991, at 26, col 2 [Civ Ct, NY County] [tenant repeatedly stuffed toilet with paper]). Landlord’s proffered testimony regarding attempts to enter tenants’ apartment to determine the source of the water, or to investigate from below in the Vales apartment, was equivocal at best, rendering landlord’s evidence insufficient to establish that “\t\he tenant is committing or permitting a nuisance” as required by Rent Stabilization Code (9 NYCRR) § 2524.3 (b) (emphasis supplied). Notably, there is no testimony that a plumber ever investigated the leaks which formed the eventual basis for the finding of nuisance herein.
Furthermore, in my view the court below properly found that the behavior of tenants’ son, as alleged in the notice of termination and testified to at trial, did not rise to the level of a nuisance, involving, as it did, incidents of rather ordinary, if annoying, teenage behavior as skating and playing ball in the hallways, not the dangerous and antisocial acts, such as drug use, public urination, repeated vandalism, verbal abuse and assault that typically form the basis of such nuisance findings (see e.g. Acorn Realty v Torres, 169 Misc 2d 670 [App Term, 1st Dept 1996]).
It is notable that the majority reaches its conclusion that a nuisance existed based on a vague sense of the “totality of the *58 circumstances,” arrived at by combining incidents scattered over several years of the commonplace, if annoying, behavior of tenants’ son with the equally scattered water leaks allegedly emanating from tenants’ apartment (as noted, I do not find that the origin of the leaks was sufficiently established to warrant a finding that tenants caused them). It has been well stated that “mere annoyances in and of themselves do not constitute a nuisance” (see 2 Dolan, Raseh’s Landlord and Tenant — Summary Proceedings § 30:60, at 465 [4th ed]), and that “[n]uisance imports a continuous invasion of rights” (Domen Holding Co. v Aranovich, 1 NY3d at 124). Moreover, the law disfavors forfeiture of tenancies (see e.g. J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392 [1977]). Nevertheless, the majority herein chooses to wreak a forfeiture of a 20-year tenancy by bootstrapping unproven allegations that tenant was responsible for bathroom flooding and a years-long series of relatively minor infractions into a finding of nuisance.
Pesce, PJ., and Patterson, J., concur; Rios, J., dissents in a separate memorandum.