OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiffs complaint seeks a judgment of possession based on plaintiffs contention that defendant’s tenancy is in violation of the certificate of occupancy and cannot be legalized.
*668 Defendant contends that the apartment in which he has lived with his family since 1989 is located in a building consisting of more than five dwelling units and is thus protected by Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-501 et seq. and Rent Stabilization Code (9 NYCRR) § 2520.1 et seq.
Defendant now moves for. an order dismissing the complaint on the grounds that: (i) this court lacks subject matter jurisdiction because defendant was never served with a predicate notice, as required by Rent Stabilization Code (9 NYCRR) §§ 2524.2 and 2524.3 (c) (see also, Domen Holding Co. v Aranovich, 1 NY3d 117 [2003]; Weiden v 926 Park Ave. Corp., 154 AD2d 308 [1st Dept 1989]), and (ii) the complaint fails to state a cause of action.
There is no dispute that plaintiff executed a “Renewal Lease Form” dated September 5, 2003 extending defendant’s rent-stabilized tenancy for two years — through January 31, 2006. Plaintiff, however, now contends that the apartment is not a legal dwelling and thus is not subject to the Rent Stabilization Law.
Plaintiff further argues that there is no requirement under the Real Property Actions and Proceedings Law that a notice of termination be served prior to the commencement of an action for ejectment.
It is well-settled law in the Second Department that “when there is a valid landlord-tenant relationship, a predicate notice must be served on the defendant before commencement of an ejectment action.” (Ricciardo v Ricciardo, 6 Misc 3d 223, 225 [Civ Ct, Kings County 2004] [citations omitted]; see also, Commercial Hotel v White, 194 Misc 2d 26 [App Term, 2d Dept 2002]; Gerolemou v Soliz, 184 Misc 2d 579 [App Term, 2d Dept 2000]; Kaur v Sobhey, 5 Misc 3d 1012[A], 2004 NY Slip Op 51341[U] [Civ Ct, Kings County 2004].) In the absence of the giving of such notice, an ejectment action will not lie. (Gerolemou v Soliz, supra.)
Plaintiff argues, however, that no similar rule has been applied in this department, and cites the Appellate Division, First Department’s decision in East 82 v O’Gormley (295 AD2d 173 [1st Dept 2002]) for the proposition that a predicate notice need not be served in an ejectment action.
Although the Appellate Division, First Department, declined to dismiss that action for lack of a predicate notice, the Court *669 specifically made its determination “[u]nder the circumstances” of that case which included “a ‘foiled’ nonpayment summary proceeding, ‘a surfeit of notice’ and apparently incontrovertible evidence that the space [could not] be legalized.” (East 82 v O’Gormley, supra at 174.)
Here, there was neither a prior proceeding nor any prior notice.[1] Moreover, plaintiff has offered no evidence in support of its claim that this space cannot be legalized. Therefore, the Appellate Division, First Department’s reasoning in East 82 v O’Gormley (supra) would appear not to apply to the facts of this case.[2]
Accordingly, based on the papers submitted and the oral argument held on the record on February 9, 2005, this court finds that the landlord was required to serve a predicate notice upon the tenant prior to the commencement of this action. (Domen Holding Co. v Aranovich, supra.)
Defendant’s motion is, therefore, granted.

. Defendant indicates that he was “shocked that after so many years of paying rent and signing renewal leases that the landlord now says that [he has] to leave.”

. In addition, the Honorable Saralee Evans recently issued a decision in a related ejectment action, Prana Growth Fund I v Ramirez Polanco Antonio (Index No. 112008/04), concerning another apartment in the same building, in which she also distinguished East 82 v O’Gormley (supra), on its facts, noting that “the same ‘surfeit of notice’ [that was present there] cannot be claimed.” She thus granted the tenant’s motion to dismiss that action on the ground that a predicate notice had not been served.