OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs, and matter remanded for a determination of the amount of rent and/or use and occupancy to be awarded to landlord and for entry of a final judgment in favor of landlord.
In this nuisance holdover proceeding, housing court dismissed the proceeding after trial. The court ruled that four occasions of flooding within seven weeks from tenant’s rent-stabilized apartment into the apartment directly below tenant’s, together with tenant’s denial of access to landlord’s agents on these occasions, did not establish a nuisance.
We disagree. Pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.2, landlord served a proper notice of termination upon tenant, listing the known dates of the flooding and advising tenant that landlord’s representatives had been unable to gain access to his apartment in order to investigate. The testimony of landlord’s witnesses at trial established that tenant’s conduct was in violation of RSC § 2524.3 (b), in that tenant committed or permitted a nuisance in the housing accommodation; that the flooding interfered with the downstairs tenant’s “interest in the use and enjoyment of land” (Domen Holding Co. v Aranovich, 1 NY3d 117, 123 [2003]); and that tenant denied access to landlord’s representatives after each incident of flooding to inspect in order to determine the source of the flooding. In these circumstances, a cause of action for nuisance was established (see CHI-AM Realty, Inc. v Guddahl, 7 Misc 3d 54 [App Term, 2d & 11th Jud Dists 2005]; Harran Holding Corp. v Johnson, NYLJ, Dec. 1, 1983, at 6, col 3 [App Term, 1st Dept]). Accordingly, the matter is remanded to the court below for a determination of the use and occupancy owed to landlord and for entry of a final judgment awarding landlord possession and use and occupancy.
Weston Patterson, J.P., Golia and Rios, JJ., concur.