*56 OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and final judgment directed to be entered awarding possession to landlord.
Landlord commenced this holdover summary proceeding alleging, among other things, that tenant had committed a nuisance. After an order of the Civil Court granting a motion by tenant to dismiss the petition was reversed on appeal and the petition reinstated (17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d & 11th Jud Dists 2002]), an extensive bench trial was conducted over the course of more than a year, following which trial the Civil Court found that landlord had failed to establish its claim of nuisance. Upon a review of the record, we disagree with the Civil Court’s determination and find that landlord established its nuisance claim by a preponderance of the credible evidence.
Rent Stabilization Code (9 NYCRR) § 2524.3 (b) provides for a tenant’s eviction where the tenant “is committing or permitting a nuisance in such housing accommodation or the building containing such housing accommodation.” To constitute a nuisance, a tenant’s behavior must “interfere with a person’s interest in the use and enjoyment of land,” including “the pleasure and comfort derived from the occupancy of land and the freedom from annoyance”; however, not every annoyance will rise to the level of a nuisance (Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [2003]). Recurrent instances of flooding can constitute a nuisance, particularly when accompanied by a refusal of the tenant to allow the landlord access to determine the source of the flooding and to effect repairs (see e.g. CHI-AM Realty, Inc. v Guddahl, 7 Misc 3d 54 [App Term, 2d & 11th Jud Dists 2005], affd 33 AD3d 911 [2006]; Ocean Neck Apts. Co., LLC v Weissman, 14 Misc 3d 21 [App Term, 2d & 11th Jud Dists 2006]; 57-59 Second Ave. Corp. v Fat Tai Yeung, 2002 NY Slip Op 50124 [App Term, 1st Dept 2002]; Uses Realty Corp. v Johnson, NYLJ, Dec. 3, 1997, at 29 [App Term, 1st Dept]; City of New York v Rodriguez, NYLJ, Apr. 24, 1990, at 22 [App Term, 1st Dept]; Harran Holding Corp. v Johnson, NYLJ, Dec. 1, 1983, at 6 [App Term, 1st Dept]).
In this case, the testimony of tenant’s downstairs neighbor, specifically credited by the court below, indicated that there had been approximately six to eight “heavy” floods coming from tenant’s apartment between December 1997 and 2001. In addi *57 tion, the neighbor testified that, throughout her tenancy, there were constant small leaks (about twice a week), possibly due to tenant’s washing machine. The building superintendent also testified as to numerous leaks coming from tenant’s apartment, stating that the flooding was sometimes so bad that it ran all the way down to the lobby. Moreover, the superintendent indicated that the heavy flooding was due to the toilet in tenant’s apartment having been removed from its base, which could not have happened on its own. Both the neighbor and the superintendent testified that tenant refused to cooperate in allowing access to her apartment when these floods happened.
In addition to the water leaks, the weight of the credible evidence indicates that tenant’s son and/or his guests were responsible for graffiti found throughout the building, which also supports a finding of nuisance in this case (see Kiamie Princess Marion Realty Corp. v Vidol, 12 Misc 3d 128[A], 2006 NY Slip Op 50961[U] [App Term, 1st Dept 2006]). Although no witness could unequivocally attribute the graffiti exclusively to tenant’s son, the superintendent testified that he had actually observed tenant’s son’s guests writing graffiti on the walls. He had also seen tenant’s son and his guests with spray cans and markers in their hands. Another previous tenant testified that he had observed tenant’s son and his guests with a notebook containing the same design as the graffiti on the wall. In addition, landlord’s principal’s son testified that he had seen tenant’s son’s guests with notebooks displaying graffiti.
Moreover, there was evidence that tenant had caused excessive noise, also supporting a finding of nuisance here (see e.g. Uses Realty Corp. v Johnson, supra; Evergreen Assoc. v Calderon, NYLJ, June 25, 1996, at 34 [App Term, 2d & 11th Jud Dists]; City of New York v Rodriguez, supra).
The court below correctly found that landlord had not sufficiently proved the remaining allegations against tenant. However, based on the totality of the evidence in this case, we find that landlord sufficiently established that tenant committed or permitted a nuisance within the meaning of Rent Stabilization Code (9 NYCRR) § 2524.3 (b). Accordingly, we reverse the final judgment and direct that a judgment of possession be awarded to landlord.
Pesce, EJ, Weston Patterson and Rios, JJ., concur.