■ Progressive Realty Associates, L.P., Appellant, v Jamal White, Respondent. [13 NYS3d 63]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 6, 2014, which denied plaintiff's motion for summary judgement on its claims for an order of ejectment seeking to remove defendant from the subject premises and for dismissal of defendant's counterclaims, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff landlord seeks to eject defendant from a cellar apartment in a multiple dwelling. The apartment was leased to defendant's ex-wife in 1997. Defendant was listed as an occupant on the household composition form, but his name was removed in 2006.

In 2008, defendant's ex-wife advised plaintiff that she wished to terminate the lease. Although defendant had not resided in the apartment for five years, he moved back into the unit after his ex-wife moved out. In December 2009, the Division of Housing and Community Renewal terminated defendant's proceeding seeking a renewal lease based on defendant's failure to provide requested information.

The certificate of occupancy designates the unit as a "SUPT'S APT." Defendant is not and has never been the building's superintendent. Plaintiff has offered defendant apartments of a comparable size in other buildings, which defendant refused.

Plaintiff is entitled to summary judgment on its ejectment claim, having established as a matter of law that residential occupancy of the cellar apartment is illegal (*see* Multiple Dwelling Law §§ 216, 300 [6]). Tenant did not controvert landlord's evidence that the unit could not be legalized (*see East 82 v*

*O'Gormley*, 295 AD2d 173 [1st Dept 2002]). Nor has defendant offered any proof of any payments for rent. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.