289 & 305 Associates, Petitioner-Landlord-Appellant,
against
Maxine Mohan, Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (David J. Kaplan, J.), dated December 30, 2014, after a hearing, which denied that branch of its motion for entry of a judgment of possession and issuance of a warrant of eviction pursuant to a stipulation settling a holdover summary proceeding.




Per Curiam.
Order (David J. Kaplan, J.), dated December 30, 2014, reversed, with $10 costs, and a final judgment of possession awarded to landlord on the holdover petition. Issuance of the warrant shall be stayed for 60 days after service of a copy of this order with notice of entry.
This nuisance holdover proceeding stems from allegations that tenant has permitted up to fifteen people to reside in the subject stabilized apartment, causing numerous instances of physical destruction of the premises, and resulting in the issuance of numerous violations. The matter was settled via a two-attorney, so-ordered stipulation, dated May 13, 2014, that provided for a sixteen-month probationary period, during which tenant would "not engage in . . . or permit" the complained of conduct "in or around the subject building." The stipulation enabled landlord, upon an alleged breach, to move to restore the proceeding for a hearing; if the court determined that tenant breached the stipulation, landlord was entitled to entry of a possessory judgment and issuance of a warrant of eviction.
Shortly after the parties executed the agreement, landlord asserted that tenant breached the stipulation and a hearing was held before Civil Court. Upon our review of the record developed at the hearing, we conclude that landlord established that tenant substantially breached the stipulation. In this regard, we emphasize the clear and compelling surveillance videotape showing that, on the evening of May 30, 2014, numerous people were seen entering and exiting tenant's apartment while she was home; one of these individuals was a young man wearing a cap, light colored short-sleeve shirt and what appears to be a cast on his left arm; an altercation [*2]erupted between several of these individuals in the hallway outside the apartment, while the door to the apartment was open; the disputants then moved outside where a melee ensued in the building courtyard; the aforementioned man with the light-colored shirt then repeatedly punched the glass pane of the building's front entrance door, shattering the glass; and then a boy repeatedly kicked the bottom glass pane and banged on the door. 
Based upon this unrefuted evidence of continuing objectionable conduct, and Civil Court's own finding that "this conduct does fall under the stipulation," we conclude that tenant materially breached the governing stipulation. Contrary to Civil Court's conclusion that tenant did not "acquiesce[] to what occurred," tenant clearly "permit[ted] the conduct" by failing to take any meaningful steps to curtail the recurrent destructive and antisocial behavior of her co-occupants and/or guests (see Frank v. Park Summit Realty Corp., 175 AD2d 33 [1991], mod on other grounds, 79 NY2d 789 [1991]; Acorn Realty, LLC v Torres, 169 Misc 2d 670 [1996]). As a result, landlord is entitled to a possessory judgment, "the contracted-for consequence of . . . tenant['s] own failure to do that which [she] promised to do" (Hotel Cameron v Purcell, 35 AD3d 153, 155 [2006]).
In view of our determination, we need not consider whether Civil Court properly declined to draw a negative inference due to tenant's failure to testify at the hearing (see Carmine Ltd. v Gordon, 41 AD3d 196, 199 [2007]; 855-79 LLC v Salas, 40 AD3d 553, 556 [2007]; cf. Trainor v Oasis Roller World, 151 AD2d 323, 325 [1989]). In this regard, we note that even in the absence of such inference, the evidence convincingly established a material breach of the stipulation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 4
Decision Date: April 26, 2016