Giga Greenpoint Realty, LLC, Appellant,
against
Solange Mounier, Respondent, and James Harding, et al., Undertenants.




Law Offices Goldberg, Scudieri & Lindenberg, P.C. (Robert H. Goldberg of counsel), for appellant.
The Legal Aid Society, Brooklyn Neighborhood Office (Sarah R. Robinson and Stephanie Michael of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (John S. Lansden, J.), entered September 21, 2012. The final judgment, insofar as appealed from, after a nonjury trial, upon awarding landlord possession, stayed the execution of the warrant for tenant to sign a renewal lease, in a holdover summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs. 
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized apartment on the grounds that tenant had created a nuisance at the premises and had failed to sign a renewal lease. Following a nonjury trial, the Civil Court found that landlord had failed to establish that tenant had created a nuisance but that tenant had failed to execute a lease renewal. The Civil Court awarded landlord a final judgment of possession, but stayed the issuance of a warrant of eviction for tenant to sign the renewal lease. On appeal, landlord contends that the Civil Court erred in holding that it failed to establish that tenant had committed a nuisance. 
Rent Stabilization Code (RSC) (9 NYCRR) § 2524.3 provides for a tenant's eviction where "[t]he tenant is committing or permitting a nuisance in such housing accommodation or the building containing such housing accommodation." "A nuisance is a condition that threatens the comfort and safety of others in the building" (Frank v Park Summit Realty Corp., 175 AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]; [citations omitted]; accord Mautner-Glick Corp. v Tunne, 38 Misc 3d 126[A], 2012 NY Slip Op 52320[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). To constitute a nuisance, the tenant's use of property "must interfere with a person's interest in the use and enjoyment of land," which "encompasses the pleasure and comfort derived from the occupancy of land and the freedom from annoyance" [*2](Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [2003]). "However, not every annoyance will constitute a nuisance[; rather, a n]uisance imports a continuous invasion of rights—'a pattern of continuity or recurrence of objectionable conduct' " (id. at 124, quoting Frank v Park Summit Realty Corp., 175 AD2d at 35). In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Here, the testimony of landlord's witnesses was too conclusory to establish that tenant had caused excessive noises. While one witness provided some details regarding the noise that he had heard emanating from tenant's apartment on one occasion, this testimony, even if credited, merely established an isolated incident that did not rise to the level of a nuisance (see Domen Holding Co. v Aranovich, 1 NY3d at 124; Jovic v Blue, 56 Misc 3d 136[A], 2017 NY Slip Op 50997[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 150 W. 21st LLC v Doe, 50 Misc 3d 140[A], 2016 NY Slip Op 50169[U] [App Term, 1st Dept 2016]). 
Landlord also failed to establish that tenant had caused excessive traffic to her apartment during late night or early morning hours, improperly discarded recyclable wastes or conducted yoga classes on the roof of the building. Moreover, even assuming that tenant had engaged in these activities, landlord made no showing that tenant's conduct had threatened the comfort and safety of other tenants or landlord (see Warren, LLC v Daza, 33 Misc 3d 126[A], 2011 NY Slip Op 51753[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
The record supports the Civil Court's finding that landlord failed to establish that tenant had caused damage to the building or the apartment (see 1806 Caton, LLC v Ngyuen, 49 Misc 3d 154[A], 2015 NY Slip Op 51792[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In this regard, the Civil Court could properly credit tenant's testimony that she had never engaged in the activities that landlord alleged had caused the damage. With respect to the alleged damage to the apartment, while there was testimony that tenant's kitchen window had been broken from inside twice, the testimony failed to establish a recurring or continuing pattern of objectionable conduct requisite to sustain a nuisance claim (see Domen Holding Co. v Aranovich, 1 NY3d at 124; Jovic v Blue, 56 Misc 3d 136[A], 2017 NY Slip Op 50997[U]; 150 W. 21st LLC v Doe, 50 Misc 3d 140[A], 2016 NY Slip Op 50169[U]; S & M Enters. v Lau, 3 Misc 3d 127[A], 2004 NY Slip Op 50328[U] [App Term, 1st Dept 2004]).
Further, with respect to the allegation that tenant allowed her ex-boyfriend, who had resided with her in the apartment for a certain period of time but no longer resided therein, to forge a lease and to file a false claim with the New York State Division of Housing and Community Renewal (DHCR), landlord provided no evidence that tenant had been aware of the alleged fraud when it had been committed. Indeed, tenant testified, and the Civil Court accepted as credible, that her ex-boyfriend had added his name to the lease without her knowledge, that she had not been aware of the DHCR proceeding when it had been commenced, and that she had learned of its outcome long after it had concluded. Similarly, landlord provided no evidence that [*3]a security gate that tenant had installed on the fire escape window of her apartment was illegal. Instead, the Civil Court's inspection revealed that the gate bore a label indicating that its installation had been approved by the New York City Fire Department. Landlord likewise failed to establish that tenant had created "extreme unsanitary conditions" in her apartment, as landlord provided conflicting testimony regarding the condition of the apartment, and the Civil Court's own inspection revealed that there was no evidence that the apartment had been maintained in an unsanitary manner (see Collpoint Enters., Inc. v Abdelhakim, 32 Misc 3d 144[A], 2011 NY Slip Op 51726[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Finally, as for the allegation that tenant had improperly displayed a swastika flag and a German gun, or had allowed them to be displayed, at the premises, landlord has made no showing that the gun was either real or unlawful, or that the display of the flag and the gun had threatened the comfort and safety of other tenants or landlord (see Warren, LLC v Daza, 33 Misc 3d 126[A], 2011 NY Slip Op 51753[U]). Notably, tenant testified—and landlord does not dispute—that the flag and the gun were owned by her ex-boyfriend, who no longer lived in the apartment, and that the flag had been sold to a museum. 
According due deference to the Civil Court's factual findings and credibility assessments, we find no basis upon which to disturb the Civil Court's determination that landlord failed to establish that tenant had committed a nuisance warranting eviction (see Cabrini Terrace Joint Venture v O'Brien, 71 AD3d 486, 486 [2010]; Mautner-Glick Corp. v Tunne, 38 Misc 3d 126[A], 2012 NY Slip Op 52320[U]; Shahid v Morataya, 31 Misc 3d 151[A], 2011 NY Slip Op 51128[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; S & M Enters. v Lau, 3 Misc 3d 127[A], 2004 NY Slip Op 50328[U]).
Accordingly, the final judgment, insofar as appealed from, is affirmed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018