29 Flatbush Assoc., LLC v Cain (2022 NY Slip Op 50780(U))

[*1]

29 Flatbush Assoc., LLC v Cain

2022 NY Slip Op 50780(U) [76 Misc 3d 127(A)]

Decided on July 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DONNA-MARIE E. GOLIA, CHEREÉ A.
BUGGS, JJ

2021-196 K C

29 Flatbush Associates, LLC, Respondent,
against
Ileen Cain, Also Known as Makeeba Cain, Appellant, et al.,
Undertenants. 

Ileen Cain, appellant pro se.
Rose & Rose (Lance Luckow of counsel), for respondent (no brief filed).

Appeals from a final judgment of the Civil Court of the City of New York, Kings County
(Eleanora Ofshtein, J.), entered July 12, 2019, and from an order of that court dated July 29,
2019. The final judgment, after a nonjury trial, awarded landlord possession in a holdover
summary proceeding. The order denied tenant's motion to stay the execution of the warrant of
eviction.

ORDERED that the final judgment is affirmed, without costs; and it is further,
ORDERED that the appeal from the order dated July 29, 2019 is dismissed as moot.
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized
apartment on the ground that tenant had created a nuisance at the premises (see Rent
Stabilization Code [RSC] [9 NYCRR] § 2524.3 [b]) by making numerous unfounded noise
complaints and engaging in abusive conduct toward landlord's employees. Following a nonjury
trial, a final judgment of possession was entered in favor of landlord. On July 19, 2019, tenant
moved to stay the execution of the warrant of eviction pending the determination of her appeal
from the final judgment. The Civil Court denied tenant's motion in an order dated July 29, 2019.
[*2]Tenant was evicted from the premises on October 16, 2019.
Tenant appeals from both the final judgment and the July 29, 2019 order.
RSC § 2524.3 (b) provides for a tenant's eviction where "[t]he tenant is committing or
permitting a nuisance in such housing accommodation or the building containing such housing
accommodation." "A nuisance is a condition that threatens the comfort and safety of others in the
building" (Frank v Park Summit Realty Corp., 175 AD2d 33, 35 [1991], mod on other
grounds 79 NY2d 789 [1991]; accord Mautner-Glick Corp. v Tunne, 38 Misc 3d 126[A], 2012
NY Slip Op 52320[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). To constitute
a nuisance, the tenant's use of property "must interfere with a person's interest in the use and
enjoyment of land," which "encompasses the pleasure and comfort derived from the occupancy
of land and the freedom from annoyance" (Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124
[2003]).
The determination of a trier of fact as to issues of credibility is given substantial deference,
as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses
affords it a better perspective from which to assess their credibility (see Northern Westchester
Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d
1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]). Here, the record supports the Civil Court's
determination that tenant's conduct constituted a nuisance. Multiple witnesses testified to a
consistent pattern of tenant making unsubstantiated noise complaints and using harassing or
derogatory language toward landlord's employees, which conduct had a detrimental effect upon
landlord's employees. Indeed, tenant admitted that she had made numerous noise complaints to
landlord's employees. Though tenant argues on appeal that the Civil Court erred in crediting the
testimony of landlord's witnesses, the record contains voluminous documentary evidence
supporting their testimony, and tenant's own testimony and evidence also support landlord's
allegations.
Tenant's remaining contentions lack merit or are unpreserved for appellate review.
As the warrant of eviction has been executed, the appeal from the July 29, 2019 order is
moot.
Accordingly, the final judgment is affirmed and the appeal from the order dated July 29,
2019 is dismissed as moot.
WESTON, J.P., GOLIA and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2022