Harris v Miranda (2023 NY Slip Op 04756)

Harris v Miranda

2023 NY Slip Op 04756

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01661
 (Index No. 706288/20)

[*1]John Harris, appellant,
v
Nancy G. Miranda, et al., respondents.

John Harris P.C., New York, NY, for appellant.
David S. Harris, Jamaica, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for nuisance, the plaintiff appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered January 14, 2021. The order denied the plaintiff's motion for summary judgment on the complaint and searched the record and awarded the defendants summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for nuisance, alleging that the defendants hosted several noisy parties at their home. The defendants interposed an answer, denying that they were responsible for the alleged noise. The plaintiff moved for summary judgment on the complaint, offering proof as to only three instances of excessive noise, two of which occurred in 2017 and one that occurred in May 2020. In the order appealed from, the Supreme Court denied the plaintiff's motion and searched the record and awarded the defendants summary judgment dismissing the complaint. The plaintiff appeals. We affirm.
"The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759 [internal quotation marks omitted]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570). "[N]ot every annoyance will constitute a nuisance. Nuisance imports a continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct" (Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [internal quotation marks omitted).
Here, the plaintiff failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law. The plaintiff's evidence of nuisance consisted of three instances of excessive noise over the course of approximately three years. Under the circumstances of this case, the evidence submitted in support of the plaintiff's motion failed to establish "a pattern of continuity or recurrence of objectionable conduct" (Domen Holding Co. v Aranovich, 1 NY3d at 124 [internal quotation marks omitted]; see Hutcherson v Hill, 161 AD3d 495, 495; Board of Mgrs. of Honto Condominium v Red Apple Child Dev. Ctr., a Chinese Sch., 160 AD3d 580, 582; Duane Reade v Reva Holding Corp., 30 AD3d 229, 237), or that the incidents were substantial in nature and unreasonable in character (see Lewis v Stiles, 158 AD2d 589, 590). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint, and searched the record and awarded the defendants summary judgment dismissing the complaint (see CPLR 3212[b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Schwartz v Ramapo, 197 AD3d 753, 756).
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court