McEntee v Cricket Val. Energy Ctr., LLC (2025 NY Slip Op 05679)

McEntee v Cricket Val. Energy Ctr., LLC

2025 NY Slip Op 05679

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-10379
 (Index No. 51029/20)

[*1]Joseph McEntee, etc., et al., appellants, 
v
Cricket Valley Energy Center, LLC, et al., respondents.

Sussman & Goldman, Goshen, NY (Michael H. Sussman of counsel), for appellants.
Keane & Beane P.C., White Plains, NY (Jennifer Gray and George Alissandratos of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated November 16, 2022. The order granted the defendants' motion, in effect, for summary judgment dismissing the cause of action alleging private nuisance.
ORDERED that the order is affirmed, with costs.
In January 2017, construction began on the Cricket Valley Energy Center (hereinafter CVEC), a power plant located in Dover. Beginning in 2019, the plaintiffs, among others, filed noise complaints against CVEC alleging that it was creating noises that were in breach of the Code of the Town of Dover (hereinafter the Code) and was creating a nuisance.
In March 2020, the plaintiffs commenced this action against the defendants, asserting, inter alia, a cause of action alleging private nuisance. In August 2022, the defendants moved, in effect, for summary judgment dismissing the cause of action alleging private nuisance. By order dated November 16, 2022, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Del Vecchio v Gangi, 225 AD3d 666, 668 [internal quotation marks omitted]; see Harris v Miranda, 219 AD3d 1498, 1499). "Not every annoyance will constitute a nuisance. Nuisance imports a continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct" (Del Vecchio v Gangi, 225 AD3d at 668 [internal quotation marks omitted]; see Domen Holding Co. v Aranovich, 1 NY3d 117, 125; Harris v Miranda, 219 AD3d at 1499). "'[O]ne is subject to liability for a private nuisance if his [or her] conduct is a legal cause of the invasion of interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities'" (Benjamin v Nelstad Materials Corp., 214 AD2d 632, 633, quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569). "As to what constitutes a reasonable use of one's property depends on the circumstances of each case" (id.; see Campbell v Seaman, 63 NY 568, [*2]584).
Here, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action alleging private nuisance by submitting, among other things, their special use permit application, a copy of those portions of the Code regarding environmental performance standards, facility noise testing reports, and an affidavit establishing compliance with all government permits and approvals, which demonstrated that the noises complained of during the relevant period were exempt from regulation under the construction and maintenance activities exemption in the Code (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 569; DelVecchio v Collins, 178 AD3d 1336, 1336-1337; Benjamin v Nelstad Materials Corp., 214 AD2d at 633). Moreover, the noises complained of were insufficient to establish "a pattern of continuity or recurrence" (Harris v Miranda, 219 AD3d at 1499 [internal quotation marks omitted]; see Domen Holding Co. v Aranovich, 1 NY3d at 125).
In opposition, the plaintiffs failed to raise a triable issue of fact, as their expert failed to address the issue of noise pollution (see Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 703; Donnelly v Nicotra, 55 AD3d 868, 869). Accordingly, the Supreme Court properly granted the defendants' motion, in effect, for summary judgment dismissing the cause of action alleging private nuisance.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court