OPINION OF THE COURT
Memorandum.
Order insofar as appealed from by landlord unanimously reversed without costs and motion by tenant denied in its entirety.
*445 The issue on this appeal is whether the Civil Court is empowered to enlarge the 10-day statutory postjudgment cure period provided for in RPAPL 753 (4). For the reasons that follow, we hold that it is not.
RPAPL 753 (4) provides that in a holdover proceeding based upon a claim that the tenant "has breached a provision of the lease, the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach.” In Post v 120 E. End Ave. Corp. (62 NY2d 19, 27) the Court of Appeals interpreted this provision as: "in effect, authorizing Civil Court at the conclusion of summary proceedings to impose a permanent injunction in favor of the tenant barring forfeiture of the lease for the violation in dispute if the tenant cures within 10 days * * * To this extent the statute limits our holding in First Nat. Stores v Yellowstone Shopping Center”.
In the Post case (supra), the Appellate Division had divided over the issue of whether the violation there in question — the improper use of a residential apartment by a doctor to see patients — could be readily cured within the 10-day period prescribed by RPAPL 753 (4). The majority ruled that the violation was not readily curable within the 10-day period so that complete relief could not be had in the Civil Court and therefore granted tenant preliminary Yellowstone relief. The dissent argued that such preliminary relief was unwarranted because the violation was readily curable within the 10-day period. On appeal, the Court of Appeals ruled that it was not possible to determine from the tenant’s allegations whether complete relief could be had in the Civil Court so that preliminary relief should have been denied.
The assumption underlying all these opinions is that the Civil Court lacks the authority to extend the statutory 10-day stay. If the Civil Court had such authority, complete relief could always be had in the Civil Court and there would have been no issue as to whether the violation was curable within 10 days.
Moreover, in Wilen v Harridge House Assocs. (94 AD2d 123, 128) the Appellate Division, First Department noted that there are circumstances in which a 10-day cure period may be too short, such as "where a subtenant or cotenant occupies the space and refuses voluntarily to remove”. The court stated that nothing in the statute empowers the Civil Court to extend the 10-day period. "If the power exists outside the *446 statute, there would have been no need for the statute and no basis for Yellowstone” (supra, at 128). The court also noted that according to the sponsor’s memorandum, the provision "was designed to cover breaches 'temporary in nature correctable within the ten day period’ ” (94 AD2d, at 130).
We note that the Appellate Term, First Department recently ruled that where it is not feasible to legalize extensive alterations within the 10-day statutory stay period "all that should be required is that the tenant commence to cure within ten days and to diligently and in good faith pursue such cure until the default is remedied” (Eighth-19th Co. v Scarano, NYLJ, Feb. 5, 1992, at 21, cols 2, 3). For the reasons articulated above, we respectfully decline to follow this rule.
Kassoff, P. J., Joy and Scholnick, JJ., concur.