(January 22, 2004)

■ ANN A. STOLZ et al., Appellants, v 111 TENANTS CORP., Respondent. [772 NYS2d 3]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered April 15, 2003, which denied plaintiffs' motion for a *Yellowstone* injunction enjoining defendant landlord from taking action to terminate their proprietary lease and tolling the time to cure the default alleged in the notice to cure dated August 15, 2002, unanimously reversed, on the law, without costs, and plaintiffs' motion granted.

Under the terms of the notice to cure served by defendant on plaintiffs, plaintiffs had the option of either allowing defendant access to the residential premises in order to remove a greenhouse and make the necessary repairs, or plaintiffs could remove the greenhouse themselves and then grant defendant access to make the repairs. Inasmuch as plaintiffs chose to exercise their right to remove the greenhouse themselves, duly made a conclusive showing (*Caldwell v 302 Convent Ave. Hous. Dev. Fund Corp.*, 272 AD2d 112 [2000]) that removal could not be accomplished within the 10-day period provided in Real Property Actions and Proceedings Law § 753 (4) as a result of the requirements of New York City Building Code [Administrative Code of City of NY] §§ 27-191 and 27-147, and met the other requirements for issuance of a *Yellowstone* injunction, said injunction should have issued here (*cf. Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [1984]; *Kanter v East 62nd St. Assoc.*, 111 AD2d 26, 27 [1985]; *Wilen v Harridge House*, 94 AD2d 123, 126-129 [1983]). Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.