■ In the Matter of CHI-AM REALTY, LLC, Respondent, v ROBERT GUDDAHL et al., Appellants. [823 NYS2d 458]—

In a proceeding pursuant to Rent Stabilization Code (9

NYCRR) § 2524.3, inter alia, to recover possession of certain premises, the appeal, by permission, is from an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated March 1, 2005, which affirmed a judgment of the Civil Court, Kings County (Alterman, J.), entered July 7, 2003, which, upon an order of the same court dated May 23, 2003, is in favor of the petitioner, among other things, awarding it possession.

Ordered that the order is affirmed, with costs.

The Appellate Term properly affirmed the Civil Court's determination that the tenants permitted a nuisance by allowing their bathroom toilet to overflow on several occasions, causing water to flood into the apartment below (see 9 NYCRR 2524.3 [b]; *57-59 Second Ave. Corp. v Fat Tai Yeung*, 2002 NY Slip Op 50124[U]; *Smalkowski v Vernon*, 2001 NY Slip Op 40071[U], *4; *Harran Holding Corp. v Johnson*, NYLJ, Dec. 1, 1983, at 6, col 3). Furthermore, the tenants were not entitled to an opportunity to cure the nuisance, since the evidence established "a pattern of continuity or recurrence of objectionable conduct" (*Frank v Park Summit Realty Corp.*, 175 AD2d 33, 35 [1991], *mod* 79 NY2d 789 [1991]) that "shows no sign of abating" (*Whitehall Realty Co. v Friedman*, 5 Misc 3d 126[A], 2004 NY Slip Op 51184[U], *2; *see Stratton Coop. v Fener*, 211 AD2d 559 [1995]).

The tenants' remaining contentions are without merit.

Motion by the appellant Robert Guddahl on an appeal from an order of the Appellate Term, Second and Eleventh Districts, dated March 1, 2005, to strike certain portions of the petitioner's brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated July 5, 2006, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is granted, and the following material is stricken and has not been considered in the determination of the appeal: (1) footnote one on page one; (2) the first three complete sentences on page four, beginning "Indeed, since the judgment," "The appellants' teenage son," and "In addition, since December 2004"; (3) the remainder of the first complete paragraph on page four, beginning "certainly the totality"; (4) second-to-last and third-to-last paragraph on page five beginning "In 1995" and "In March 1996," respectively; (5) page six beginning with the paragraph stating, "In addition"

through the paragraph on page 7 ending with "in the common hallway outside the Apartment"; (6) section entitled "Appellants' Post-Trial Conduct" beginning on page 21 and ending on page 26; (7) the words "at least" and "(if not more)" before and after the words "five floodings" on pages 31 and 32; (8) the sentence beginning "Moreover, his objectionable conduct" in the first full paragraph on page 48; (9) the sentence beginning on the bottom of page 52 with the words "Indeed, Appellants' nuisance" and continuing on page 53; (10) the first full paragraph on page 53, beginning with the words "These additional flood"; (11) the words "is continuing, and" in the last paragraph on page 55. Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.