■ SHEILA ZIPPER et al., Respondents, v HAROLDON COURT CONDOMINIUM et al., Appellants, and REBECCA ROSENBAUM, Also Known as REBECCA LUKOWSKY, Respondent. [835 NYS2d 43]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered January 3, 2006, which, after a nonjury trial, dismissed the Condominium defendants' cross claim seeking eviction of defendant tenant Rebecca Rosenbaum on the ground that she had created a nuisance in her apartment, unanimously reversed, on the facts, without costs, and judgment awarded on the cross claim. Order, same court and Justice, entered May 4, 2006, which, to the extent appealed from, granted Rosenbaum's motion for attorneys' fees and denied the Condominium's motion to modify the prior order, unanimously modified, on the law, so as to deny Rosenbaum's motion for attorneys' fees, and otherwise affirmed, without costs. The Clerk is directed to enter judgment of eviction in favor of defendant Haroldon Court Condominium and against defendant Rebecca Rosenbaum accordingly.

The trial court's finding that Rosenbaum did not create a nuisance warranting her eviction appears to have been based upon an unreasonable and unsupportable finding that the odors complained of were only occasional and of the type that are unavoidable in close city quarters, an " 'inescapable reality of urban life' " (quoting *Stiglianese v Vallone*, 168 Misc 2d 446, 452 [1995], *revd* 174 Misc 2d 312 [1997], *revd* 255 AD2d 167 [1998]). To the contrary, all the credible testimony regarding the odors that emanated from Rosenbaum's apartment indicated that they were not of the unavoidable variety, but of a type caused by matter that should not be kept in an apartment, such as rotting food. The testimony of Rosenbaum's witnesses, who denied the presence of any such odors, was refuted by the disinterested testimony of two firefighters regarding their unannounced visit to the apartment just one month before trial. Their testimony corroborated plaintiffs' claims of ongoing noxious odors by confirming that on that visit the apartment emanated shockingly foul odors. That the stench may have dissipated somewhat once the apartment door was closed is of

little consequence; bad odors, while much worse at the source, generally continue to permeate, even if in a somewhat less extreme form, the vicinity around their source, remaining noticeable in varying degrees to those in the vicinity. To reject plaintiffs' claims of recurring odor problems as it did, the trial court had to implicitly conclude that the stench noticed by the firefighters coincidentally happened to be present on the day of their visit and was a rare event. Such a conclusion strains credulity. Indeed, the court's rejection of the nuisance claim in effect imposed on plaintiffs and the Condominium defendants a burden beyond that imposed by law, and impossible to satisfy, of proving only through neutral witnesses the constant or ongoing occurrence of objectionable conduct. We find that the credible testimony clearly establishes the claimed ongoing, recurring presence of an unacceptable level of odor constituting a nuisance and warranting eviction (*see Domen Holding Co. v Aranovich*, 1 NY3d 117, 123-124 [2003]).

Further support for the finding of nuisance is provided by the testimony of Lieutenant Meehan as to what *he* termed a "Collyer Mansion"-like condition in the apartment, meaning that the apartment was dangerously cluttered with furnishings, boxes and debris. Although the trial court simply directed Rosenbaum to cure the condition, it is significant that in previous litigation years earlier, the court had taken extraordinary measures in an effort to assist Rosenbaum in curing the same condition so as to avoid eviction. Evidently, the problem has not been solved, and cannot be solved with a directive such as the trial court included in its order.

Moreover, although plaintiffs and the Condominium defendants were unable, without Rosenbaum's cooperation, to clearly establish by direct evidence the cause or source of the many water leaks into the apartment below Rosenbaum's, the testimony regarding prior incidents and observations indicates that over the years Rosenbaum had created or allowed flooding conditions to occur in her own apartment. While this alone would not be enough for a finding of nuisance, in conjunction with the other evidence it does support that finding. So, too, does the testimony regarding the cockroach infestation in Rosenbaum's apartment and the trash she put out, even if it did not actually create a building-wide infestation. The sought eviction therefore should have been granted.

The award of attorney fees to Rosenbaum must be rejected in view of the foregoing.

Plaintiffs' claim for an abatement of their monthly carrying charges was properly sustained and transferred to Civil Court.

The Condominium's posttrial cross motion for rent arrears from Rosenbaum was properly denied without prejudice to commencement of an appropriate proceeding in Housing Court, since that issue was not fully raised and litigated at the trial.

The provisions of the Condominium declaration relied upon by the Condominium, and the pleadings of the Condominium defendants, do not support its claim for indemnification or contribution against plaintiffs in the present circumstances. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.