■ 12 BROADWAY REALTY, LLC, Appellant, v LAURA LEVITES, Respondent. [843 NYS2d 233]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered December 15, 2006, which affirmed an order of Civil Court, New York County (Jean T. Schneider, J.), entered on or about September 28, 2005, granting respondent's motion for summary judgment dismissing the petition, unanimously reversed, on the law, without costs, the motion denied, the petition reinstated, and the matter remanded for further proceedings.

Under the circumstances of this case, the notice to cure was sufficient (*see Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 17-18 [1996], *lv denied* 90 NY2d 829 [1997] [standard is "reasonableness in view of all attendant circumstances"]). The notice referenced section 17 of the lease, which provides that the tenant may begin to cure within 10 days. Moreover, respondent was clearly aware that she had 10 days to begin to cure, as opposed to 10 days to cure: her own lawyer emphasized this to petitioner's lawyer after respondent received the notice to cure.

The lease states not only that the tenant must begin to cure within 10 days, but also that she must "continue to do all that is necessary to correct the default as soon as possible." Given the affidavit of the building manager, submitted by petitioner in opposition to the summary judgment motion, there is a triable issue of fact as to whether respondent complied with that provision (*see Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc.*, 85 NY2d 600, 607 [1995]); accordingly, respondent's motion should have been denied.

It was also error to find, as a matter of law, that petitioner had failed to state a claim for nuisance. A tenant's refusal to allow a landlord access to her apartment to correct a condition that threatens the health and safety of others in the building can constitute a nuisance (*see CHI-AM Realty, Inc. v Guddahl*,

7 Misc 3d 54, 55 [App Term 2005], *affd* 33 AD3d 911 [2006]). Although respondent argues that the items about which petitioner complains affected only her apartment (as opposed to other tenants), the mice in her apartment could spread to other parts of the building. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ. [*See* 14 Misc 3d 126(A), 2006 NY Slip Op 52390(U).]