■ 259 WEST 12TH, LLC, Respondent, v PEARL GROSSBERG, Appellant. [933 NYS2d 256]—

The Civil Court, in its judgment awarding possession of the subject apartment to the landlord, held that the tenant's demolition and replacement of the bathroom walls caused a "lasting or permanent injury" to the apartment, and thus constituted a substantial violation of the lease. The court also held that the tenant substantially violated the lease by renovating the bathroom walls without first conducting an asbestos test before removing the walls; failing to insure that the new Sheetrock she installed had the proper fire rating; and failing to secure necessary permits or approval from the Department of Buildings and the Landmark Preservation Commission, all of which exposed the residents of the building to dangers like asbestos and fire, and the landlord to numerous violations, fines and lawsuits.

The Appellate Term correctly held that this lasting or permanent injury to the premises by demolition of the existing bathroom was not capable of any meaningful cure (*see 230 E. 14th St. LLC v Klufas*, 11 Misc 3d 132[A], 2006 NY Slip Op 50368[U] [2006]; *compare Stolz v 111 Tenants Corp.*, 3 AD3d 421 [2004] [tenants could cure by removing greenhouse but could not do so within the 10-day period provided in RPAPL 753 (4), thus entitling them to *Yellowstone* injunction]). While RPAPL 753 (4) provides that a court "shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach," implicit in that mandatory directive is that the breach may be cured. As we noted in *Wilen v Harridge House Assoc.* (94 AD2d 123 [1983]), the sponsor's memorandum in support of the amendment to the statute adding subdivision (4) states "that it was designed to cover breaches 'temporary in nature correctable within the ten day period' " (*id.* at 130, quoting 1982 NY Legis Ann, at 280). Because the tenant in this case caused a lasting or permanent injury to the premises, she was not entitled to any stay for the purpose of correcting an uncorrectable breach. Concur—Andrias, J.P., Friedman, Renwick, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 28 Misc 3d 132(A), 2010 NY Slip Op 51314(U).]**