■ ANTHONY GORDON et al., Appellants, v 476 BROADWAY REALTY CORP., Respondent, et al., Defendant. [12 NYS3d 37]—

Order, Supreme Court, New York County (Debra A. James, J.), entered May 21, 2014, as amended by order, same court

and Justice, entered July 2, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment on their ejectment counterclaim and for dismissal of plaintiffs' retaliatory eviction and bad faith affirmative defenses, and denied plaintiffs' motion for leave to amend their reply and/or for a stay pursuant to RPAPL 753 (4), unanimously affirmed, without costs. Cross appeal by defendant 476 Broadway Realty Corp. (the cooperative) from order entered May 21, 2014, to the extent it dismissed its counterclaim for an injunction, unanimously withdrawn before argument, without costs, pursuant to the parties' stipulation dated February 9, 2015.

Plaintiffs failed to raise an issue of fact as to whether the cooperative acted in bad faith, outside of its authority, or for an illegitimate corporate purpose by terminating plaintiffs' tenancy on the ground of objectionable conduct (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 155 [2003]). The record shows that, after notice and an opportunity to be heard, all shareholders, except plaintiffs, voted to terminate plaintiffs' tenancy based on, among other things, their interference with waterproofing testing and repair work in the apartment (*see id.* at 156).

The statutory presumption of retaliation does not apply here, since the cooperative terminated plaintiffs' tenancy based on their alleged violation of the terms and conditions of the proprietary lease (*see* Real Property Law § 223-b [5]). Moreover, as noted, there is no evidence of bad faith on the cooperative's part (*see 1050 Tenants Corp. v Lapidus*, 39 AD3d 379, 385 [1st Dept 2007], *lv denied* 9 NY3d 807 [2007]; *see also Walentas v Johnes*, 257 AD2d 352, 354 [1st Dept 1999], *lv dismissed* 93 NY2d 958 [1999]).

Plaintiffs are not entitled to a stay of their eviction in order to cure their alleged breach of the lease (*see* RPAPL 753 [4]), as the cooperative validly terminated the lease on the ground of their pattern of objectionable conduct (*see* RPAPL 753 [3]; *Matter of Chi-Am Realty, LLC v Guddahl*, 33 AD3d 911, 912 [2d Dept 2006]; *205 E. 77th St. Tenants Corp. v Meadow*, 41 Misc 3d 134[A], 2013 NY Slip Op 51857[U], *1 [App Term, 1st Dept 2013]).

Plaintiffs' remaining contentions are unpreserved or otherwise unavailing. Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.