OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about October 10, 2013, modified to vacate so much thereof as afforded tenant a postjudgment opportunity to cure; as modified, final judgment affirmed, without costs. Execution of the warrant of eviction shall be stayed for 60 days from service of a copy of this order, with notice of entry. Appeal from order, dated March 31, 2014, dismissed, without costs, as academic.
After trial, Civil Court determined that an actionable nuisance was created by the dangerous accumulation of refuse and debris that was stacked “from the floor to ceiling” throughout tenant’s apartment, including “where a gas stove is located,” and which “result [ed] in an external threat to the building’s occupants.” Tenant does not appeal from the final judgment entered in favor of landlord on the holdover petition. The sole issue before us is whether the court properly stayed execution of the warrant so as to afford tenant an opportunity to cure.
The court’s determination that the nuisance conditions were “curable” was based upon a finding that the foul odors emanat *54 ing from the apartment, which were observed by witnesses in October 2012 and November 2012, had “abated as of June 2013.” Such a conclusion is both unsupportable and unreasonable. Indeed, the court itself found that as of June 2013, when the odor condition was found to have “abated,” the premises
“were in an extremely cluttered condition. Although there was a path in the living room which had been cleared, personal property was piled high on either side. A mattress leaned against [tenant’s] property and could be laid on the floor for sleeping purposes. Windows were partially obscured by boxes and other items. The kitchen was particularly cluttered. Items were strewn in front of the stove and refrigerator, and formed mounds to the level of the counter tops. There was little or no room to maneuver in this area.”
In view of these fully supported findings, the fact that the odor was not evident on a particular day in June is of little consequence, and can hardly be considered support for the conclusion that the ongoing nuisance condition is “curable.” The court’s conclusion as to curability is further undermined by its own express finding that “this is the second proceeding of this type commenced against [tenant], and that he has been unable to sustain the premises in a habitable condition on a long term basis.” Given that the nuisance existed over a substantial period, had not abated even though tenant had been given ample opportunity to do so, and was likely to continue or recur, a posttrial opportunity to cure should not have been granted (see Cabrini Terrace Joint Venture v O’Brien, 71 AD3d 486 [2010], lv dismissed 15 NY3d 888 [2010]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]).
Nor does the fact that the condition of the apartment was substantially improved in February 2014, some four months after the judgment was issued, warrant a contrary result. The evidence showed a pattern of objectionable conduct likely to recur (Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]), and there is nothing in the record to indicate that tenant will or can change the long-standing behavior that caused the condition. Landlord and other residents had already been forced to endure an intolerable and continuing nuisance for an extended period, a condition found to have caused a threat to the health and safety of others at the premises. Thus, execution of the warrant should not have been stayed (see Frank v Park Summit Realty Corp., 175 AD2d 33 [1991], mod on other *55 grounds 79 NY2d 789 [1991]; see also Stratton Coop. v Fener, 211 AD2d 559 [1995]), “and this even if some of the nuisance conditions were remedied by tenant following the close of the evidence” (Alonzo v Perichon, 11 Misc 3d 127[A], 2006 NY Slip Op 50215 [U], *1 [App Term, 1st Dept 2006]).
Lowe, III, P.J., Shulman and Hunter, Jr., JJ., concur.