OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Following a trial in this illegal-sublet holdover proceeding, a final judgment (Ulysses Bernard Leverett, J.) was entered on April 17, 2012 awarding landlord, among other things, possession of the subject cooperative apartment. Pursuant to the court’s decision of the same day, issuance of the warrant of eviction was stayed for 10 days for tenant “to cure the breach by commencing a proceeding to remove the occupants” of the cooperative apartment. Landlord thereafter moved for, among other things, the issuance of a warrant of eviction on the ground that tenant had failed to cure the breach. In an August 10, 2012 order, the Civil Court (Ulysses Bernard Leverett, J.) *19 denied the branch of landlord’s motion seeking the issuance of a warrant, finding that tenant had submitted evidence showing that she had complied with the court’s decision dated April 17, 2012 by serving a 30-day notice of termination upon the illegal subtenants, but that, contrary to tenant’s claim, she had not established that she had cured the breach by obtaining consent from lessees owning at least 65% of the then-issued shares in accordance with a provision in the lease. Thereafter, landlord again moved for the issuance of a warrant of eviction on the ground that tenant had not cured the breach. By order dated December 21, 2012, the court (Ulysses Bernard Leverett, J.) denied landlord’s motion “pending a compliance hearing.” The court noted that the prior service of the 30-day notice of termination upon the illegal occupants had to be followed, within 10 days of the December 21, 2012 order, by service of a notice of petition and petition upon them, and set the matter down for a compliance hearing. At the compliance hearing, held on February 27, 2013, tenant’s proof established that she had served the illegal subtenants with a new 30-day notice of termination on January 2, 2013, but that, at the time of the hearing, she had still not served a notice of petition and petition. Following the hearing, by order entered April 10, 2013, the court granted landlord’s motion, finding that tenant had also failed to establish that she had cured the breach by providing evidence of consent from lessees owning at least 65% of the then-issued shares.
Pursuant to RPAPL 753 (4), in a holdover proceeding based upon a claim that the tenant has breached the lease, “the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach.” Where a tenant timely cures the breach upon which the holdover proceeding was predicated, issuance of the warrant will be permanently stayed (see Barmat Realty Co., LLC v Quow, 39 Misc 3d 151 [A], 2013 NY Slip Op 50977[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). However, the violation must be one that is readily curable within the 10-day period, and the court cannot extend the 10-day period (see 259 W. 12th, LLC v Grossberg, 89 AD3d 585 [2011]; Belmont Owners Corp. v Murphy, 153 Misc 2d 444 [App Term, 2d Dept, 2d & 11th Jud Dists 1992]). Here, the violation was not readily curable within 10 days and, contrary to the Civil Court’s April 17, 2012 decision, in order for tenant to be entitled to a permanent stay, it was not sufficient that, within 10 days, she commence a *20 proceeding to remove the illegal occupants. Nor did the Civil Court have authority to continue to extend the 10-day cure period as it did.
In any event, assuming arguendo that landlord acquiesced in the Civil Court’s fixing of the cure remedy and in its extensions of the 10-day cure period, we find that the court properly determined, following the compliance hearing, that tenant, who had still not served a notice of petition and petition on her undertenants, had not cured the breach within the cure period as purportedly extended, and tenant’s delay in removing the undertenants could not be deemed de minimis (cf. Mansfield Owners, Inc. v Robinson, 45 Misc 3d 133[A], 2014 NY Slip Op 51667[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Moreover, tenant failed to offer any proof at the compliance hearing establishing that she had otherwise corrected the breach within the cure period as purportedly extended by obtaining approval to sublet the apartment in accordance with the lease provision requiring consent from at least 65% of the lessees owning the then-issued shares.
Accordingly, the order granting landlord’s motion for the issuance of the warrant of eviction is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.