129th Street Cluster Associates, 
 Petitioner-Landlord-Appellant,
against
Teresa Levy, Respondent-Tenant-Respondent.



Landlord, as limited by its brief, appeals from so much of a final judgment of the Civil Court of the City of New York, New York County (Timmie Erin Elsner, J.), entered on or about March 29, 2014, after a nonjury trial, which, in awarding possession to landlord in a holdover summary proceeding, conditionally stayed execution of the warrant of eviction through February 28, 2016.




Per Curiam.
Appeal from final judgment (Timmie Erin Elsner, J.), entered on or about March 29, 2014, deemed an appeal from an amended final judgment (same court and Judge), entered on or about August 23, 2016, and so considered, amended final judgment modified to vacate so much thereof as afforded tenant a two-year stay of execution of the warrant of eviction; as modified, amended final judgment affirmed, without costs. Execution of the warrant shall be stayed for 30 days from the service of a copy of this order with notice of entry.
The testimonial and video tape evidence adduced at trial established that tenant engaged in a pattern of objectionable conduct at the building premises, including accosting other tenants and their children on a regular basis; screaming profanities and homophobic epithets at them; causing excessive noise, including banging on the floors and ceiling of her apartment at all hours; pounding and kicking the doors of other apartments and screaming in other tenants' faces. The trial court held that tenant's behavior "constituted a nuisance" and awarded landlord a possessory judgment. However, the court also stayed execution of the warrant of eviction for more than two years so as to afford tenant an opportunity to cure, reasoning that the nuisance was "curable" because the underlying incidents were "sporadic" and that tenant has attended anger management sessions and therapy.
We agree with landlord that a probationary stay was improperly granted, and we modify accordingly. As the trial court noted, tenant's recurring or continuing pattern of objectionable conduct constituted a nuisance (see Domen Holding Co. v Aranovich, 1 NY3d 117 [2003]; Pinehurst Constr. Corp. v Schlesinger, 38 AD3d 474 [2007]). Even if we accept the trial court's finding that the underlying incidents were "sporadic," the severity and circumstances under which the incidents took place display an intolerance and aggression toward those living within the building, and suggest that tenant is easily incensed and prone to threatening and frightening [*2]outbursts, conduct that places the comfort and health of others in the building, including children, at a constant risk. Thus, tenant should not have been afforded an opportunity to cure this pattern of objectionable conduct (see RPAPL 753[3],[4]; Gordon v 476 Broadway Realty Corp., 129 AD3d 547 [2015]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]; 443 E.78 Realty LLC v Tupas, 48 Misc 3d 52 [2015]). While the court obviously had sympathy for tenant's plight, "[t]he safety and domestic tranquility of the other tenants in the building, to say nothing of [landlord's] staff, demand the protection of the law in the form of the eviction of [tenant], whose conduct permitted and condoned the nuisance, and whose tenancy itself, in all likelihood, will encourage the nuisance to continue unabated" (Frank v Park Summit Realty Corp., 175 AD2d 33, 36 [1991], mod on other grounds 79 NY2d 789 [1991]).
To the extent that the decision on remand also noted that tenant did not breach the probationary stay, the court failed to recognize that the other tenants had already been forced to endure an intolerable and continuing nuisance. Our ruling today is based not on proof in hindsight, but on a record of an already documented nuisance that entitled landlord to immediate relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 23, 2016