OPINION OF THE COURT
Per Curiam.
Order, dated December 31, 2014, affirmed, with $10 costs.
Landlord commenced this nuisance holdover proceeding upon allegations that garbage and other debris were “crammed from floor to ceiling” in tenant’s single room occupancy unit, creating a health, fire and safety hazard to other tenants. The proceeding was settled by a two-attorney, so-ordered stipulation that provided for a 10-month probationary period, during which tenant would refrain from “maintaining the subject premises in an unsanitary and unsafe manner” by “cramming” such “garbage, trash, boxes and bags[ ]” as listed in the “termination notice.” The stipulation provided for specified inspection dates of the premises and enabled landlord, upon an alleged breach, to move to restore the proceeding for “an immediate hearing” on the “sole issue of whether the nuisance conditions exist.” The stipulation further provided that if the court found that the nuisance conditions were present, landlord would be entitled to a possessory judgment and issuance of the warrant “with no further stays.”
Upon a scheduled inspection of tenant’s unit, landlord moved to restore the case, claiming that tenant breached the stipulation. Following a hearing, Civil Court concluded that “the evidence shows that the condition of the subject premises” was in a “nuisance condition, depicting an undue accumulation of items such as boxes and garbage bags,” and that tenant was therefore in breach of the stipulation. The court awarded landlord a possessory judgment with no stay of issuance of the warrant “[a]s the stipulation does not allow for a stay.”
The stipulation, properly construed by Civil Court under settled contract principles (see Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006]) according to the plain meaning of its terms (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]), reveals that its aim was to cure the “Collyer”-type condition in tenant’s residential unit. Civil Court’s determina *65 tion that tenant breached the stipulation rested upon a fair interpretation of the evidence, including (1) the credited testimony of landlord’s employee who inspected tenant’s room on one of the scheduled inspection dates during the probationary period and (2) date-stamped photographs depicting the overwhelming accumulation of papers, refuse and debris stacked throughout the unit on the inspection date (see Hotel Cameron, Inc. v Purcell, 35 AD3d at 155; see also Cabrini Terrace Joint Venture v O’Brien, 71 AD3d 486 [2010], Iv dismissed 15 NY3d 888 [2010]). Given the court’s fully-supported findings, and affording proper effect to the plain terms of the stipulation, which expressly provided for “no further stays,” Civil Court properly declined to stay execution of the warrant (see 565 Tenants Corp. v Adams, 54 AD3d 602 [2008]; 521 E. 72nd St. Realty Co., LLC v Borovicka, 26 Misc 3d 139[A], 2010 NY Slip Op 50244[U] [App Term, 1st Dept 2010]).
We also note that efforts were previously taken to assist tenant in curing the condition so that he could avoid eviction. Adult Protective Services conducted a deep cleaning of the unit prior to execution of the probationary stipulation, but tenant has obviously been unable to maintain the premises, as required, on a long-term basis. “Evidently, the problem has not been solved, and cannot be solved with a directive [to cure the condition]” (Zipper v Haroldon Ct. Condominium, 39 AD3d 325, 326 [2007]; see Cabrini Terrace Joint Venture v O’Brien, 71 AD3d at 486; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]).