311 Lincoln Place Investor, LLC, Respondent, 
against
Melete Woldmarian, Appellant, et al., Undertenants.




Wenig, Saltiel, LLP (Leslie Perez-Bennie, Esq.), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. (Virginia K. Trunkes, Esq.), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Gary Franklin Marton, J.), entered February 13, 2014, deemed from a final judgment of the same court entered February 13, 2014 (see CPLR 5512 [a]). The final judgment, insofar as appealed from as limited by the brief, upon awarding landlord possession, failed to provide for a postjudgment stay pursuant to RPAPL 753 (4), in a holdover summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
The petition in this holdover proceeding alleges, among other things, that tenant violated a substantial obligation of the lease by unreasonably refusing landlord access to inspect and perform repairs which tenant alleged were necessary in her apartment, and that this constituted grounds to terminate the tenancy pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3 (e). Specifically, landlord alleged that, in a prior summary proceeding, tenant had been held in civil contempt for failure to comply with a court order and stipulations providing for access. At a nonjury trial in the instant proceeding, the Civil Court took judicial notice of the prior proceeding, stating that it established "beyond collateral attack or other challenges that respondent intentionally and repeatedly refused to grant petitioner access to the premises to make [*2]repairs, thereby endangering the health and safety of other tenants in the building." Landlord also submitted evidence showing that tenant's refusals of access had continued following the termination of the prior proceeding. After trial, the court awarded landlord a final judgment of possession which provided that a warrant issue forthwith. A subsequent application by tenant for a postjudgment stay pursuant to RPAPL 753 (4) was denied. Tenant appeals, as limited by the brief, from so much of the final judgment as failed to grant a 10-day postjudgment cure period.
RPAPL 753 (4) provides that, in a holdover proceeding based upon a claim that the tenant is in breach of the lease, "the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach." Where a tenant timely cures the breach upon which the holdover proceeding was predicated, the issuance of the warrant will be permanently stayed (see Barmat Realty Co., LLC v Quow, 39 Misc 3d 151[A], 2013 NY Slip Op 50977[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). To warrant the granting of a postjudgment cure period, the violation must be one that is readily curable within the 10-day period (see 259 W. 12th, LLC v Grossberg, 89 AD3d 585 [2011]; Belmont Owners Corp. v Murphy, 153 Misc 2d 444 [App Term, 2d Dept, 2d & 11th Jud Dists 1992]; see also 111-35 75th Ave. Owners Corp. v Hendrix, 50 Misc 3d 17 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). The granting of a stay is inappropriate where the evidence establishes "a pattern of continuity or recurrence of objectionable conduct" (Frank v Park Summit Realty Corp., 175 AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]) that "shows no sign of abating" (Whitehall Realty Co. v Friedman, 5 Misc 3d 126[A], 2004 NY Slip Op 51184[U] [App Term, 1st Dept 2004]; see Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]). A tenant's refusal to allow a landlord access to her apartment to correct a condition that threatens the health and safety of others in the building can constitute a nuisance (see 12 Broadway Realty, LLC v Levites, 44 AD3d 372 [2007]; Pefko Realty, LLC v Nissim, 34 Misc 3d 129[A], 2011 NY Slip Op 52304[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Here, the Civil Court found that tenant had "intentionally and repeatedly refused to grant petitioner access to the premises to make repairs, thereby endangering the health and safety of other tenants in the building[.]" This behavior had continued over the course of several years, during which time tenant had failed to comply with a court order and stipulations. In these circumstances, the Civil Court did not improvidently exercise its discretion in refusing to grant a postjudgment cure period (see Cabrini Terrace Joint Venture v O'Brien, 71 AD3d 486 [2010]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911; 443 E. 78 Realty LLC v Tupas, 48 Misc 3d 52 [App Term, 1st Dept 2015]).
Accordingly, the final judgment, insofar as appealed from, is affirmed.
ELLOIT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 18, 2017