Strata Realty Corp., Petitioner-Landlord-Cross-570821/16 Appellant, 
against
Rosa Pena, Respondent-Tenant-Appellant, -and John Doe and Jane Doe, Respondents-Undertenants.



Tenant, as limited by her briefs, appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), entered April 4, 2016, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding; and (2) an order (same court and Judge), dated November 21, 2016, which denied her motion for a further stay of execution of the warrant of eviction. Landlord, as limited by its briefs, cross-appeals from (1) so much of the aforesaid final judgment as afforded tenant a postjudgment opportunity to cure; and (2) so much of an order (same court and Judge), dated September 20, 2016, which conditionally stayed execution of the warrant of eviction through October 31, 2016.




Per Curiam.
Final judgment (Laurie L. Lau, J.), entered April 4, 2016, and order (Laurie L. Lau, J.), dated November 21, 2016, affirmed, without costs. Appeal from order (Laurie L. Lau, J.), dated September 20, 2016, dismissed, without costs, as academic.
A fair interpretation of the voluminous trial evidence supports the trial court's fact-laden determination that tenant committed a nuisance (see Rent Stabilization Code [9 NYCRR] § 2524.3[b]) by repeatedly filing complaints against landlord relating to conditions in the apartment, resulting in the placement of violations, and then consistently refusing to allow landlord to make necessary repairs. As the trial court aptly put it, tenant "complained to government agencies of conditions in the apartment but would not allow [landlord] to address those conditions in the way that [landlord] believed would be appropriate and her refusal was not based on any repair standards, but, rather, was based upon a visceral distrust of [landlord]." Inasmuch as the underlying conditions in the apartment for which repairs were required, including the removal (by tenant) of carbon monoxide/ smoke detectors and window guards, and the presence of vermin and lead paint, threaten the health and safety of others in the building, tenant's ongoing, continuing interference with, or refusal to allow, landlord to cure the violations constituted a nuisance (see 12 Broadway Realty, LLC v Levites, 44 AD3d 372 [2007]; Pefko Realty, LLC v Nissim, 34 Misc 3d 129[A], 2011 NY Slip Op 52304[U] [App Term, 2d, 11th and 13th Jud Dists [2011]).
Tenant was not entitled to a further opportunity to cure, since her conduct occurred over a [*2]substantial period, had not abated although she had been given ample opportunities during the protracted proceedings below, and tenant's pattern of behavior shows no sign of abating (see Cabrini Terrace Joint Venture v O'Brien, 71 AD3d 486 [2010], lv dismissed sub nom Terrace v O'Brien, 15 NY3d 888 [2010]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]; see also Zipper v Haroldon Ct. Condominium, 39 AD3d 325 [2007], lv dismissed 9 NY3d 919 [2007]). Indeed, the underlying problem of tenant's interference with landlord's ability to make repairs is long-standing, as is evident by the length of this 2011 proceeding and the parties' 2007 stipulation. 
Tenant's argument that a notice to cure was required is without merit, since the proceeding was premised upon the theory of nuisance as set forth in the notice of termination, not breach of the lease (see 9 NYCRR § 2524.3[b]; Kast Realty, LLC v Houston, 2003 NY Slip Op 50892[U] [App Term, 1st Dept 2003]). To the extent the original (1976) lease executed by tenant's husband required service of a notice to cure where objectionable conduct is alleged, any noncompliance with this requirement, to the extent applicable, is not fatal to its holdover petition, given that the cumulative pattern of tenant's course of conduct that continued over a period of years is incapable of any meaningful cure (see Herald Towers, LLC v Perry, 2003 NY Slip Op 50564[U] [App Term, 1st Dept 2003]). The fact that a lease provides time for a cure does not necessarily imply that a means or method to cure must exist in every case (see Adam's Tower Ltd. Partnership v Richter, 186 Misc 2d 620 [App Term, 1st Dept 2000]). Manifestly, this case involves a type of default that cannot be cured within the 5-day period provided in the lease (see Definitions Personal Fitness, Inc. v 133 E. 58th St. LLC., 107 AD3d 617 [2013]). To insist upon the service of a formal notice to cure in such circumstances is to compel the performance of a useless and futile act.
The notice of termination served by landlord was reasonable in light of the attendant circumstances (see Oxford Towers Co. v Leites, 41 AD3d 144 [2007]; Hughes v. Lenox Hill Hosp., 226 AD2d 4, 18 [1996]). Tenant's remaining arguments have been considered and rejected.
In view of our disposition, we do not reach the issues raised on landlord's cross appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 04, 2017