Walber 72nd Street Associates, Petitioner-Landlord-Respondent, 
against
David Sutcliffe, Respondent-Tenant-Appellant.



Tenant appeals from (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered November 8, 2017, after a hearing, which awarded landlord a final judgment of possession with execution of the warrant of eviction stayed through December 8, 2017, in a holdover summary proceeding; and (2) an order (same court and Judge), entered December 7, 2017, which denied tenant's motion for an indefinite stay of execution of the warrant.




Per Curiam.
Appeal from order (Jack Stoller, J.), entered November 8, 2017, deemed an appeal from the final judgment (Jack Stoller, J.), entered on the same date, and so considered (see CPLR 5520[c]), final judgment affirmed, without costs. Order (Jack Stoller, J.), entered December 7, 2017, affirmed, without costs.
The evidence adduced at the hearing amply supports Civil Court's determination that tenant breached the two-attorney, so-ordered stipulation settling the underlying nuisance holdover proceeding (see Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006]). The evidence established that tenant violated paragraph 2J of the stipulation by regularly directing profanities and offensive ethnic epithets at the building doorman during the probationary term, and on one occasion, tenant kicked and punched said doorman, conduct which resulted in tenant's arrest and conviction for second-degree harassment. Thus landlord was properly awarded a possessory judgment, "the contracted-for. . . consequence of the tenant['s] own failure to do that which [he] promised to do" (1029 Sixth v Riniv Corp., 9 AD3d 142, 150 [2004], appeals dismissed 4 NY3d 795 [2005]). Contrary to tenant's claim, a fair interpretation of the evidence supports the conclusion that the breach was substantial.
Civil Court also properly denied tenant's request for an indefinite stay of execution of the warrant or a further opportunity to cure. While the court, in certain circumstances, has discretion not to enforce a stipulation, such discretion would not be providently exercised in this case. As our Appellate Division stated in a case involving similar facts:
"The subject stipulation was the product of negotiations between the attorneys for both parties ... and permitted tenant to avoid adjudication of landlord's nuisance holdover petition and remain in possession of his apartment if he refrained from certain specified [*2]conduct for an two-year period. Given the circumstances under which the stipulation was executed and the provisions advantageous to tenant therein, equity would not be served by refusing to enforce the stipulation. Additionally, we would discourage landlords from resolving housing court matters through stipulations of settlement if we were not to enforce this stipulation" (Hotel Cameron, Inc. v Purcell, 35 AD3d at 156).
Furthermore, the stipulation gave tenant ample opportunity to cure, and thus remedy his nuisance behavior and save his tenancy. However, he failed to do so, and therefore, he was not entitled to a an additional opportunity to cure (see Matter of 222 E. 12 Realty v Yuk Kwan So, 158 AD3d 414 [2018]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]).
Tenant's contention that, to establish a breach, landlord was required to prove that it is a proper party to maintain this action is a distortion of the plain meaning of the stipulation, and was properly rejected (see 222 East 12 Realty v Yuk Kwan So, 158 AD3d at 414; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [2006]). We have reviewed tenant's remaining arguments and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 11, 2018