Fotios Lountzis, LLC, Respondent, 
against
Fauzia Ghauri, Appellant, Ali Ghauri, Tenant, et al., Undertenants.




Goldberg, Scudieri & Lindenberg, P.C. (Robert H. Goldberg of counsel), for appellant.
Cooper, Paroff & Cool, LLP (Ira G. Cooper of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (Gilbert Badillo, J.), dated November 26, 2013, deemed from a final judgment of that court entered November 26, 2013 (see CPLR 5512 [a]). The final judgment, insofar as appealed from, after a nonjury trial, awarded landlord possession as against tenant Fauzia Ghauri and conditioned a stay of issuance of the warrant upon the permanent removal of her adult son, tenant Ali Ghauri, from the apartment, in a holdover summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Following a nonjury trial of this holdover proceeding to recover possession of an apartment on the ground that tenant Fauzia Ghauri and her adult son, tenant Ali Ghauri, had created a nuisance, the Civil Court issued a decision awarding landlord possession and indefinitely staying the warrant on condition that Ali Ghauri be permanently removed from the premises, as the court found that he was responsible for all of the objectionable conduct. A final judgment was entered pursuant to the decision. Ali Ghauri has vacated the apartment, and Fauzia Ghauri (tenant) remains in possession.
Tenant appeals, arguing that the Civil Court should have appointed a guardian ad litem (GAL) (see CPLR 1202) for her son, who appeared pro se at trial and did not testify or cross-examine any witnesses. We note that no application was made by tenant or her son for the appointment of a GAL (see CPLR 1202). Furthermore, tenant fails to demonstrate how the [*2]failure to have a GAL appointed for her son prevented her or her attorneys from presenting a defense or otherwise deprived her of a fair trial. Rather, it appears from her brief that tenant is impermissibly attempting to assert her son's rights, and she has not demonstrated that she is aggrieved by the purported denial of his rights (see generally CPLR 5511; Matter of Richmond County Socy. for Prevention of Cruelty to Children, 11 AD2d 236, 239 [1960], affd 9 NY2d 913 [1961] [the test for aggrievement is "whether the person seeking to appeal has a direct interest in the controversy which is affected by the result and whether the adjudication has a binding force against the rights, person or property of the party or person seeking to appeal"]). Moreover, even assuming that tenant could be deemed to be aggrieved by the Civil Court's alleged "failure" to sua sponte appoint a GAL for her son, there is no indication in the record that tenant's son was incapable of defending his rights at trial (see CPLR 1201) and, thus, in need of a GAL. 
Tenant also argues, in effect, that the Civil Court should have permitted a cure period, instead of conditioning a stay of the issuance of the warrant on the permanent removal of her son. However, upon a review of the record, we find that the Civil Court did not improvidently exercise its discretion in refusing to grant a postjudgment cure period (see Cabrini Terrace Joint Venture v O'Brien, 71 AD3d 486 [2010]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]; 443 E. 78 Realty LLC v Tupas, 48 Misc 3d 52 [App Term, 1st Dept 2015]).
Accordingly, the final judgment, insofar as appealed from, is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 06, 2018