Grove Equities LLC, Petitioner-Landlord-Appellant,
against
Richard Butensky, Respondent-Tenant-Respondent, and Judith Faye Cohen, Respondent-Undertenant-Respondent.



Landlord, as limited by its briefs, appeals from those portions of a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about April 11, 2014, after a nonjury trial, which in awarding possession to landlord in a holdover summary proceeding, (1) dismissed certain of its illegal alteration claims and (2) afforded respondents a postjudgment opportunity to cure.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about April 11, 2014, affirmed, with $25 costs.
A fair interpretation of the evidence supports the trial court's detailed findings that the most serious of the alleged illegal alterations made to the subject rent stabilized apartment, including the relocation of a stove, the installation of a breakfast bar, and the movement/alteration of gas and electrical lines, had been performed by a predecessor tenant, prior to the respondents' occupancy at the subject premises. Civil Court, as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting testimony (see Thoreson v Penthouse Intl., 179 AD2d 29, 31 [1992], affd 80 NY2d 490 [1992]), and we find no basis to disturb its decision to credit the testimony of respondents' architect and the predecessor tenant over that of landlord's witnesses.
Although Civil Court determined that certain other alterations were performed by respondents, without permission, including the replacement of kitchen cabinets, construction of a Murphy bed, and installation of a satellite dish, the court properly afforded them the remedy of a post-judgment cure pursuant to RPPL 753(4) (see 201 W. 54th St. Buyer LLC v Rodin, 47 Misc 3d 154[A], 2015 NY Slip Op 50863[U] [App Term, 1st Dept 2015]). Contrary to landlord's claim, the evidence did not show that these alterations caused lasting or permanent injury to the premises or were not capable of meaningful cure (cf. 259 W. 12th, LLC v Grossberg, 89 AD3d 585 [2011]). Since RPAPL § 753[4] must be "liberally construed to spread its beneficial effects as widely as possible" (Post v 120 E. End Ave. Corp., 62 NY2d 19, 24 [1984]), the trial court appropriately provided an opportunity to cure, so as to avoid a forfeiture of this long-term (29-year) tenancy.
The monetary issues raised by landlord, including its claim for attorney's fees and use and occupancy, were either not raised or pursued below and are denied without prejudice to renewal upon proper papers in the Civil Court.
We have considered landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 05, 2018