Matter of Strata Realty Corp. v Pena (2018 NY Slip Op 07350)





Matter of Strata Realty Corp. v Pena


2018 NY Slip Op 07350


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7142 570821/16

[*1]In re Strata Realty Corp., Petitioner-Respondent,
v
Rosa Pena, Respondent-Appellant, John Doe, et al., Respondents.


Manhattan Legal Services, New York (Rubin Englard of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush and Nithin E. Jayadeva of counsel), for respondent.



Order of the Appellate Term, First Department, entered December 4, 2017, which affirmed a judgment of Civil Court, New York County (Laurie L. Lau, J.), entered April 4, 2016, after a nonjury trial, awarding possession of a rent stabilized apartment to petitioner landlord, and an order, same court and Judge, dated November 21, 2016, which denied respondent tenant's motion for a further stay of execution of the warrant of eviction, unanimously modified, on the facts and in the exercise of discretion, to grant a 90-day stay of the execution of the warrant of eviction, to direct that respondent and her family vacate the premises within seven days after the date of this order and that petitioner provide alternative suitable accommodations during the period of construction, to enjoin respondent and her family from entering the premises while the construction is ongoing, to direct that the apartment, which is to be repaired in accordance with petitioner's instructions, be left broom-swept clean and free of debris and dust at the conclusion of the construction, and to enjoin respondent from filing complaints with governmental authorities about the construction without first notifying petitioner, and otherwise affirmed, without costs.
Ample evidence supports Civil Court's finding that respondent's continuing and repeated complaints to the New York City Department of Housing Preservation and Development (HPD), followed by her refusal to permit petitioner to correct violations that had the potential to compromise the health and safety of the building's residents, constituted a nuisance (see Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]; 12 Broadway Realty, LLC v Levites, 44 AD3d 372 [1st Dept 2007]).
Respondent admitted that she complained to HPD numerous times, without prior notice to petitioner of the complained-of conditions, and that she refused to permit petitioner to encapsulate the walls and replace the bathroom floor to correct the conditions. She and her daughter admitted that they had the window guards removed in summer to install air conditioners and that petitioner installed smoke/carbon monoxide detectors in the apartment. Respondent did not dispute that she sometimes denied the exterminator access, and asserted that there was no longer a rodent problem.
Appellate Term found that, in view of the history of her obstinance, respondent's nuisance conduct was not capable of any meaningful cure. Although respondent has had many opportunities to cure, in light of her advanced age, long-term occupancy, and disability, the hardship that eviction would cause her and her family, including her five grandchildren, and her stated willingness to comply with court orders and grant petitioner access to her apartment, we find, pursuant to principles of equity, that she should be afforded another opportunity to do so. This is respondent's final opportunity to comply with court orders. A failure to comply will [*2]result in the issuance of a warrant of eviction without the possibility of a stay. Notions of equity notwithstanding, respondent must take responsibility for her actions.
We have considered respondent's arguments for dismissing the proceeding and find them unavailing.
The parties are directed to bring any issues that arise between them after entry of this order before Civil Court in the first instance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK