Schwesinger v Perlis (2022 NY Slip Op 50550(U))

[*1]

Schwesinger v Perlis

2022 NY Slip Op 50550(U) [75 Misc 3d 135(A)]

Decided on June 30, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 30, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570147/21

Eric Schwesinger,
Petitioner-Landlord-Respondent,
against
Donald Perlis, Respondent-Tenant-Appellant, and Songhee
Debarbieri, "John Doe" and "Jane Doe,"
Respondents-Undertenants-Appellants.

Tenant and respondent-undertenant (hereinafter "respondents") appeal from an order of the
Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about
December 14, 2020, after a nonjury trial, which directed entry of a final judgment awarding
landlord possession in a holdover summary proceeding.

Per Curiam.
Order (Jack Stoller, J.), entered on or about December 14, 2020, affirmed, with $10
costs.
A fair interpretation of the evidence supports the trial court's determination that respondents
engaged in a recurring or continuing pattern of objectionable conduct constituting a nuisance
(see Rent Stabilization Code [9 NYCRR] § 2524.3[b]; Domen Holding Co. v Aranovich, 1
NY3d 117 [2003]). The record shows that respondents unreasonably refused and delayed
access to the subject apartment to conduct inspections and perform repairs, after the apartment
directly below suffered at least six water leaks over a period of five years (see 12 Broadway Realty, LLC v
Levites, 44 AD3d 372, 372-373 [2007]; Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006];
Ocean Neck Apts. Co., LLC v
Weissman, 14 Misc 3d 21 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). As the
trial court expressly found, respondents "did not report" some of the leaks to landlord, "caused
unreasonable delays in access needed to repair the leaks," in one instance a delay of nearly two
months, and "attached unreasonable conditions to access." In addition, two of the leaks were
"undisputedly caused" by respondents, and were "serious enough to warrant claims filed with
insurance companies, one of which exceeded [*2]$15,000,
underscoring the significance of the damage caused." The court also found that respondent Perlis
was observed on surveillance footage spitting on landlord's newspaper. 
Respondents' present challenge to the sufficiency of the predicate notices to cure and to
terminate is raised for the first time on appeal, and is not properly before us (see Claridge
Gardens v Menotti, 160 AD2d 544, 545 [1990]; 88th St. Realty LP v Arabian, 19 Misc 3d 132[A], 2008 NY Slip
Op 50659[U] [App Term, 1st Dept 2008]]; see also 433 W. Assoc. v Murdock, 276
AD2d 360, 361 [2000]). In any event, we find that the notices were reasonable "in view of the
attendant circumstances" (Hughes v Lenox Hill Hosp., 226 ADd 4, 18 [1996], lv
dismissed in part and denied in part, 90 NY2d 829 [1997]), since they set forth case-specific
allegations tending to support landlord's nuisance claim with sufficient detail to have allowed
respondents to prepare a defense (see City of New York v. Valera, 216 AD2d 237
[1995]), and otherwise satisfied the specificity requirements of Rent Stabilization Code (9
NYCRR) § 2524.2(b) (see 12 Broadway Realty, LLC v Levites, 44 AD3d at
372)
Respondents' request for an opportunity to cure the nuisance is denied, since the evidence
established a pattern of continuity or recurrence of objectionable conduct (see Matter of
Chi-Am Realty, LLC v Guddahl, 33 AD3d at 912) that posed a risk to the health and safety
of other tenants in the building (see ST
Owner LP v Yeremenko, 22 Misc 3d 136[A], 2009 NY Slip Op 50289[U] [App Term,
1st Dept 2009]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 30, 2022