333 E. 53 Tenants Corp. v Bei Yang (2025 NY Slip Op 51851(U))

[*1]

333 E. 53 Tenants Corp. v Bei Yang

2025 NY Slip Op 51851(U)

Decided on November 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570886/25

333 East 53 Tenants Corp., Petitioner-Landlord-Respondent, 
against
Bei Yang, Respondent-Proprietary-Lessee-Appellant.

Respondent Bei Yang appeals from a final judgment of the Civil Court of the City of New York, New York County (Norma J. Jennings, J.), entered on or about January 22, 2025, after a nonjury trial, which awarded petitioner possession and a monetary recovery of $28,478.00 in a nonpayment summary proceeding.

Per Curiam.
Final Judgment (Norma J. Jennings, J.), entered on or about January 22, 2025, affirmed, with $25 costs.
The trial court's resolution of the cooperative maintenance, habitability and other issues litigated below is supported by a fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). On this record, there is no basis to disturb the court's rejection of respondent's complaints of excessive noise in her apartment, a finding which rested in large measure on the court's negative assessment of respondent's credibility, and its determination to credit the opinion of petitioner's expert over that of respondent's expert. Because the trial court was in the best position to evaluate the credibility of the witnesses, including expert witnesses, its determination is entitled to great deference (see Wong v Hsia Chao Yu, 160 AD3d 549, 550 [2018]; Matter of Amire B. (Selika B.), 95 AD3d 632 [2012], lv denied 20 NY3d 855 [2013]). Thus, we do not disturb the court's determination that the noise complained of was not so excessive that it deprived respondent of the essential functions of a residence (see O'Hara v Board of Directors of the Park Ave. & Seventy-Seventh St. Corp., 206 AD3d 476, 478 [2022]).
For similar reasons, the court properly rejected respondent's claim that the noise condition caused her to be constructively evicted from the premises.
The amount of the abatement for the ceiling leaks was within reasonable limits and is not disturbed. An increase in the abatement is not warranted in view of the court's finding that "respondent did contribute to the delay in completing repairs by making demands."
Respondent failed to assert a retaliatory eviction claim in her amended answer, and because she is raising it for the first time on appeal, it is unpreserved for appellate review (see Fuschi v JP Morgan Chase Bank, N.A., 223 AD3d 409, 410 [2024]). Even if this Court were to consider respondent's unpreserved argument, retaliatory eviction does not apply here since petitioner acted in good faith when it sought possession based upon respondent's violation of the [*2]terms and conditions of the proprietary lease, namely her failure to pay maintenance and other fees (see Gordon v 476 Broadway Realty Corp., 129 AD3d 547 [2015]).
We have examined respondent's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 24, 2025